No. 60.—WILLIAM R. REID and Wife, plaintiffs in error, *vs* BENNING B. MOORE, executor of Lewis Turner, deceased, defendant.

[1.] A defendant in attachment has the right to appear and defend, whether he enters special bail or gives bond and security or not, whether he be a citizen of this or a foreign State.

[2.] An appeal entered by counsel for defendant in attachment, held to be valid.

Motion to dismiss an appeal, in Lincoln Superior Court. Decision by Judge BAXTER. April Term, 1852.

B. B. Moore, as executor of Lewis Turner, prayed an attachment against the plaintiffs in error, on the ground that they resided without the State of Georgia. The writ was returnable to the Inferior Court. In that Court, McMillan & Van Duzer, appeared as counsel for the defendants; and a verdict being rendered for the plaintiff, the said counsel entered an appeal (with security) to the Superior Court.

Counsel for plaintiff below, moved to dismiss the appeal, on the ground that neither the defendants in attachment or any person for them, had given special bail in this case, and that therefore no attorney at law could appear for them; and that the attorneys entering this appeal had no special warrant or authority for that purpose.

It appeared to the Court, that the attorneys in this case were

employed by the defendants, and were instructed by them to appeal.

The Court sustained the motion and dismissed the appeal, and this decision is assigned as error.

Van Duzer, represented by Cobb, for plaintiff in error.

B. Moore, represented by Toombs, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] There was error in dismissing the appeal in this case. A party defendant in attachment, by the Constitution of the State and the legislation of the State, has the right to appear and answer by himself or his counsel, or both, whether he puts in special bail, or gives security or not. By the Act of 1799, the defendant may replevy by appearing and putting in special bail, or by giving bond and security to the Sheriff or other levying officer, conditioned for his appearance at the Court to which the attachment is returnable, to abide by and perform the order and judgment of the Court. *New Dig.* 71. This provision of the Act of 1799, defines the manner in which the property levied on may be replevied. It also recognizes the right of appearance. *Appearance* and putting in special bail or giving bond, are the conditions of the replevy. It certainly does not deny to the party the right of appearance. The matter, however, is definitely settled by the Act of 1816. By that Act, it is provided that the property attached shall be restored to the person against whom the process issues, upon his giving bond and security to the officer, in double the debt or demand sued for. In that event, the proceeding is changed from a proceeding *in rem* to a proceeding *in personam.* The security of the bond for the debt is substituted for the property itself, and the party may defend, as he unquestionably may in all proceedings, in *personam.* "Or (proceeds the Act of 1816,) the said defendant or defendants, may file his, her or their defence to the petition or declaration of the attaching creditor or creditors, and enter into the

Reid and Wife *vs.* Moore.

same defence as if the property attached had been replevied."
*New Dig.* 74, 75. So that in either case, here is leave granted
to appear and defend.

The 3d section of the Act of 1816, authorizes any person to
act as the friend of the defendant, and upon giving good spe-
cial bail, by himself or attorney, to plead and defend the suit in
the same manner as though the defendant was personally pre-
sent, and did it himself. By this section, *no third person* can ap-
pear and defend for the defendant, unless he first gives special
bail; but no right whatever is denied to the party himself.

[2.] Thus it is manifest, that the laws not only do not deny,
but do affirmatively grant the right of defence. A law which
should deny it, would be void for unconstitutionality; for by
the 8th section of the 3d article of the Constitution, it is declar-
ed that "no person shall be debarred from advocating or defend-
ing his cause before any Court or tribunal, either by himself or
counsel, or both." *Prince,* 911. It was conceded by the
Court below, that if the defendant could appear and defend
without giving bond and security, or putting in special bail, the
appeal was well entered. The counsel entered the appeal, and
it was proven that they were employed to defend, by the defend-
ants in attachment. They were not themselves third persons
acting as friends of the defendant, nor were they the attorneys
of any such third persons, but they were the counsel of the de-
fendants themselves. Nor does it make any difference that the
defendants are citizens of another State. The right of a citizen
of another State to appear and answer in our Courts of Justice,
cannot be questioned. Whether he will do so or not, is for his de-
termination. In some cases he loses nothing if he does not,
for the judgment would not conclude him; in attachment, how-
ever, he must appear and defend at his peril.

Let the judgment be reversed.