## HANSEN v. MAUSS et al.

No. 2278. Decided February 2, 1912 (121 Pac. 605).

1. APPEARANCE—GENERAL APPEARANCE—EFFECT. Defendant, made a party defendant after appeal by the original defendant from a justice's judgment, by voluntarily appearing and filing a general demurrer to the complaint, gave the court jurisdiction over its person.[1]   (Page 366.)

2. HOMESTEAD—TIME OF CLAIMING—PROCEEDS OF HOMESTEAD. Comp. Laws 1907, sec. 1158, providing that a conveyance of a homestead shall not subject the premises to any lien to which it is not subject in the hands of the owner, and that the proceeds of the sale, to the statutory amount, shall be exempt from execution for one year, does not require the right of exemption to the proceeds of the sale of a homestead to be asserted in the original action in which the judgment was obtained, to satisfy which the proceeds are sought to be applied, and it was sufficient that claimant, as soon as he learned that the proceeds of the sale were garnished, at once notified the levying officer and the garnishee of his claim of exemption.   (Page 366.)

3. HOMESTEAD—PROPERTY SUBJECT—PROCEEDS OF· HOMESTEAD. As against the creditors other than the vendor, the homestead exemption extends to lands which claimant agreed to purchase, though vendor retained legal title until the purchase money was fully paid, and all of it has not been paid, so that one who had paid a part of the price under a written contract of purchase, but had not received a deed, upon selling his equity in the property, could claim that the price was exempt as the proceeds of homestead property in the hands of his vendee under Comp. Laws 1907, sec. 1158, exempting the proceeds of the sale of homestead property from execution to the amount of the exemption existing at the time of sale.   (Page 368.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Jens S. Hansen against Michael Mauss and the Miller-Cahoon Company.

---

[1] Farnsworth v. Union Pacific Coal Co., 32 Utah, 116, 89 Pac. 74.

Judgment against Miller-Cahoon Company after dismissing the action against defendant Mauss. Miller-Cahoon Company appeals.

AFFIRMED.

*D. W. Moffat* for appellant.

*A. E. Christensen* and *S. P. Armstrong* for respondent.

APPELLANT'S POINTS.

When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the hands of the owner; and the proceeds of the sale thereof, to the amount of the exemption existing at the time of the sale, shall be exempt from execution or other process for one year after the receipt thereof by the person entitled to the exemption. (Compiled Laws of Utah, 1907, section 1158.)

Conceding that a homestead may be declared upon land held under a mere contract to convey, such declaration did not give any new title, or lend in any way to strengthen or enlarge the one then existing. Therefore, when the equitable title created by the contract, and possession under it, was lost, the homestead fell with it. (*Snodgrass v. Parks,* 79 Cal., 55, 21 Pac. 429; *Dahl v. Thompson,* 98 Iowa, 599, 67 N. W. 579; *Helgebye v. Dammen,* 100 N. W. 245.)

This court has held that "proceeds" as used in section 1158, Compiled Laws of Utah, 1907, "mean some tangible thing which is the subject of manual delivery and receipt." (*Christensen v. Beebe,* 32 Utah, 406, 91 Pac. 129.)

While in this action there was not an entire change of parties, nor a strict substitution of parties, yet there was no judgment obtained against the original defendant to the action, and consequently the making of Miller-Cahoon Company a party defendant, was equivalent not only to a complete change of parties defendant, but to a substitution of parties

defendant; so that even under the statutory provisions permitting the adding or correction of the name of the party, or of amendment, an entire change of parties defendant can not be permitted. (31 Cyc. 475 and 481; *Hallett v. Larcom,* 5 Ida. 492, 51 Pac. 108; *Little v. Virginia, etc., Water Co.,* 9 Nev. 317; *New York State Monitor Milk Pan Assoc. v. Remington Agricultural Works,* 89 N. Y. 22 (reversing 25 Hun. 475); *Horan v. Bruning,* 116 N. Y. App. Div. 482, 101 N. Y. Sup. 986; *Wright v. Storms,* 3 Code Rep. (N. Y.) 138; *Rarden Mercantile Co. v. Whiteside,* 145 Ala. 617, 39 So. 576; *Vinegar Bend Lumber Co. v. Chicago Title, etc., Co.,* 131 Ala. 411, 30 So. 776; *Reynolds v. Caldwell,* 80 Ala. 232; *McKay v. Broad,* 70 Ala. 377; *Tarver v. Smith.* 38 Ala. 135; *Pickens v. Oliver,* 32 Ala. 626; *Brooks v. Collier,* 3 Indian Terr. 468, 58 S. W. 559; *Wray v. Jamison,* 10 Humph. (Tenn.) 186.) One against whom a complaint states no cause of action or ground of relief can not be brought in as a defendant upon the motion of plaintiff. (*Penfield v. Wheeler,* 27 Minn. 358, 7 N. W. 364.) And where the controversy between the original parties may be fully adjudicated, and determined without prejudice to them or the parties of record, new parties should not be brought in. (31 Cyc. 474; *Fischer v. Holmes,* 123 Ind. 525, 24 N. E. 377; *Bannister v. McIntire,* 112 Iowa, 600, 84 N. W. 707; *Clay County Land Co. v. Alcox,* 88 Minn. 4, 92 N. W. 464; *Brush v. Levy,* 54 N. Y. App. Div. 296, 66 N. Y. Sup. 700; *Muller v. Wahler,* 1 N. Y. App. Div. 245, 37 N. Y. Sup. 140; *Bolton v. Donavan,* 9 N. D. 575, 84 N. W. 357; *Northwestern Tel. Exch. Co. v. Northern Pac. R. Co.,* 9 N. D. 339, 83 N. W. 215; *Burns v. Chicago, etc., R. Co.,* 110 Iowa, 385, 81 N. W. 794.)

No matter what the money attached by garnishment was the proceeds of, the plaintiff waived any right thereto when he agreed and requested that it should be paid into court to abide the decision of the justice. (*Campbell v. Salisbury,* 19 Utah, 161, 56 Pac. 973; *Overland Mining Company v. McMaster,* 19 Utah, 177, 56 Pac. 977.)

Land occupied under a contract to purchase may be held as a homestead. The Constitution (article 22, section 1) exempts a homestead which may consist of one or more parcels of land. And the statute exempts a homestead consisting of lands and appurtenances. (Compiled Laws Utah, 1907, sections 1147-2829.) Neither Constitution nor statute confines the right to any particular estate or interest, but the statute defines the terms land as including possessory right and claims. (Id., sec. 2498, par. 10.)

Unless the Constitution or statute otherwise provides, a homestead may be claimed in land held under a contract of purchase. (*Stinson v. Robinson*, 44 Ia. 375; *Bank v. Carroll*, 109 Ia. 571; *Lessell v. Goodman*, 97 Ia. 681; *McGee v. Wilcox*, 11 Mich. 359, 21 Cyc. 502-c.) The proceeds of sale of homestead is exempt to the amount of the exemption existing at the time of sale. (Compiled Laws Utah, 1907, sec. 1158.) It was the duty of the officer to know that the money levied upon was exempt. (12 Am. & Eng. Ency. Law, 224-225-227; 18 Cyc. 1466 and 1467, par. 3, 1468.) There are no statutory provisions to enforce exemption rights in homestead. Hence plaintiff must resort to his common law remedies, one of which is an action for damages. (18 Cyc. 1489; 12 Am. & Eng. Ency. Law, 247-249.)

They voluntarily submitted themselves to the jurisdiction of the court and asked the judgment of the court on the merits of their defense. Their objection to the jurisdiction now comes too late. (*Sargent v. Union Fuel Co.*, 108 Pac. (Utah) 928; *Gibson v. Hijel*, 108 Pac. (Nev.) 759; *Merriman v. Springfield*, 127 S. W. 122; *Kennedy v. Gilders*, 66, S. E. 620; *Gager v. Marsdan*, 77 N. E. 922.)

FRICK, C. J.

Respondent commenced this action in the city court of Salt Lake City against Michael Mauss, obtained judgment against Mauss there, from which an appeal was taken to the district court of Salt Lake County. After the cause had reached the

district court the Miller-Cahoon Company, a corporation, hereafter styled appellant, was, as hereinafter stated, made a party to the action, and judgment was rendered against it, from which this appeal is prosecuted.

The facts, briefly stated are as follows: On the 16th day of April, 1908, the appellant commenced an action against respondent in the justice court of Murray City to recover the sum of $213.97 alleged to be owing from respondent to appellant. On the same day, pursuant to an affidavit filed for that purpose, a writ of garnishment in aid of attachment was issued in said action, and Michael Mauss, as the constable of Murray City, according to the demands of said writ, attached the sum of $751.80 in the hands of one F. C. Hannum, which, it was claimed, was money belonging to respondent; that thereafter, on the 29th day of April, said Mauss, pursuant to the order of said justice court, and by agreement of the parties to said action, paid the sum of $265 into court to await the result of the action aforesaid and returned the remainder, to wit, the sum of $486.80, to respondent; that said sum of $751.80 was in the hands of said Hannum as money due and owing by him to respondent as the proceeds arising from the sale of real estate in Murray City, which respondent claimed constituted his homestead. Respondent was a married man, and had been in actual possession, and with his family had lived in the dwelling house on said premises for a period of two years or more prior to the time that said writ of garnishment was served as aforesaid. Respondent never had the legal title to said homestead, but was in possession thereof under a contract of purchase, and the proceeds aforesaid represented his equity in the premises, the legal title of which still remained in a Mr. Clark from whom respondent had purchased the property. Appellant obtained judgment in the action aforesaid against respondent, but, before said money was applied in satisfaction thereof, he notified both said Mauss and the appellant that he claimed said sum of $265 paid into court by said Mauss as exempt from execution, because the same was a part of the proceeds of sale of his homestead. Upon the application of the appel-

lant, the sum of $225.58 out of said $265 was applied in satisfaction of the judgment obtained as aforesaid. Respondent then commenced this action against said Mauss in the city court of Salt Lake City to recover said $225.58. Judgment was duly awarded him against said Mauss in said court, from which said Mauss appealed to the district court of Salt Lake County. After the appeal was filed in said court, respondent asked, and was granted, leave by said court to file an amended complaint in said action. The amended complaint was duly filed, and the appellant was made a party defendant with said Mauss in said action. The facts showing the relation of appellant to the action in the district court and its receipt of the money were duly alleged in the amended complaint. Appellant appeared in the action by filing a general demurrer to the complaint. The demurrer was overruled and the appellant answered the complaint, and, after admitting some and denying others of the facts as they were alleged in the complaint, substantially set forth the facts as we have stated them above. The court found the issues in favor of respondent, and also found that appellant was the real party in interest, dismissed the action against Mauss, and entered judgment against the appellant for said sum of $225.58, with legal interest thereon, which, with the principal, amounted to $279.06.

Counsel for appellant contends that it was not properly made a party to this action, and that the court had not acquired jurisdiction over it. We need not stop to inquire now whether appellant could or could not have been made a party to the action after judgment was obtained in the justice court, since a complete answer to that contention is the fact that appellant voluntarily appeared in the action by filing a general demurrer to the complaint. (*Farnsworth v. Union Pac. Coal Co.*, 32 Utah, 116, 89 Pac. 74.)

Appellant further contends that respondent should have presented his claim for exemption in the justice court while the original action was pending there, and should have asked that his claim with regard to the exempt charac-

ter of the money that was attached by the writ of garnishment and subsequently applied by appellant to the payment of the judgment it had obtained against him be adjudicated there, and since he did not proceed in that way, and did not appeal from the order of the justice court directing the money that had been paid into court should be applied in payment of the judgment, he has waived his right to claim the money in question as exempt. We cannot agree with this contention. There is no statute in this state that makes the right to claim the proceeds of sale of a homestead as exempt dependent upon such claim being made in the original action in which the judgment is obtained to satisfy which the proceeds are applied. The only conditions that are imposed are found in Comp. Laws 1907, section 1158, which reads as follows: "When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the hands of the owner; and the proceeds of the sale thereof, to the amount of the exemption existing at the time of the sale, shall be exempt from execution or other process for one year after the receipt thereof by the person entitled to the exemption." Under section 1147 the respondent was entitled to a homestead of the value of $2500.

Where an exemption is claimed under the provisions of section 1158, *supra,* which we have copied, we think that all that can be required from the claimant is that he notify the officer who has served or is about to serve the process, or, in case he desires to hold both the officer and the creditor in whose behalf the process is issued, to notify both that he claims the money attached or garnished as exempt from legal process. Such notice may be given at any time before the money is finally applied in satisfaction of the judgment. Of course, if the homestead claimant has neither knowledge nor information that the money has been taken or attached by legal process until after it has been so applied on the judgment he may make a demand therefor thereafter and, if it is withheld from him, he, in either case, may sue to recover back the money if it is exempt under said section. In this case

the court specifically found that, immediately after receiving the information that the money in question was garnished, respondent notified both the officer serving the writ and the appellant that he claimed the money exempt as the proceeds of sale of his homestead. This finding is sustained by the evidence. The respondent, therefore, in any event, did all that the law required of him. Whether in case the homestead claimant is married, the one who has no notice that the money is attached may still maintain an action in case the other has had such notice but has failed to claim the exemption, we do not pass on. That question is left open. What we decide is that, if a notice is required where a claim is made under the provisions of said section, it was timely made, and was sufficient in form and substance to entitle respondent to maintain the action.

The only other claim that it is necessary to notice is that the money in question was not exempt from attachment or execution. This contention is based upon the fact that respondent never had acquired the legal title to the property which he claimed as his homestead, and hence, it is said, he did not convey it as contemplated by section 1158, *supra*. As we have seen, respondent was in possession under a written contract of purchase from one W. R. Clark. The purchase price was $1400. Of this respondent had paid $875 to Clark at the time of the purchase in August, 1906, and had paid additional sums thereafter. When the property was sold by respondent to F. C. Hannum, respondent had an equity in it amounting to $751.80, the amount originally attached in the hands of Hannum, the purchaser. When the property was sold, Mr. Clark, the original vendor, received the balance due him on the purchase price from respondent, and made a deed direct to Mr. Hannum. From the undisputed facts it is clear that respondent had not received the money in question, and hence was not prevented from claiming it under the provisions of section 1158, *supra*. The only question, therefore, is whether, under the facts and circumstances detailed, the money in question is exempt as the proceeds of sale of a homestead. We do not think that

it was intended by adopting section 1158 that, before a homestead claimant may avail himself of the provisions of that section, he must hold the legal title to the premises claimed as a homestead. Counsel bases his entire claim upon the following words contained in said section: "When a homestead is conveyed by the owner . . . the proceeds of the sale thereof shall be exempt." It is seriously contended that, if one does not possess the legal title, he does not own, and hence cannot convey, and, if he cannot convey, he is not the owner within the letter of the statute. But it is a mere assumption of counsel that a married homestead claimant may transfer it without a formal conveyance in a case where the homestead is claimed in property to which neither husband nor wife has legal title. Under section 1155 no contract of sale, incumbrance, or conveyance of a homestead by a married owner is valid, unless joined in by both husband and wife. While the question of what is meant by the term "conveyance" in the statute is not necessarily involved as between the owner of a homestead who sells it and a third person who claims the proceeds of sale, yet we remark that, if a homestead may be carved out of an estate less than a fee simple, its disposition, nevertheless, may require a conveyance on the part of a homestead claimant and his wife in order to transfer or dispose of the right of possession and use which characterizes, or gives the claimant the right to claim the property as a homestead under the law. But, where the purchaser of a homestead is satisfied with less than a formal conveyance from the homestead claimant and his wife, it is of no concern to the individual who interferes with the proceeds of sale contrary to section 1158. In case the title is in neither the husband nor the wife, it may be that, if both agree to dispose of the homestead and surrender it to the purchaser with the intention of abandoning it as a homestead, a conveyance from the owner of the legal title direct to the purchaser of the homestead will satisfy the statute. At all events, such a title would, *prima facie* at least, be good title. But whether it is or is not does not concern him who interferes with the proceeds derived from the sale of the homestead. Can a homestead be

40 Utah—24

carved out of an estate less than a fee simple? We think it can. There certainly is nothing in our statute prohibiting it.

In 21 Cyc. 502, the law upon the subject is clearly and tersely stated by the author thus:

"As against creditors other than the vendor, the homestead exemption extends to lands agreed to be purchased by the debtor, and which are in his use and occupation as a residence, although the contract provides that the legal title shall remain in the vendor until the purchase money is fully paid, and the purchaser has not yet paid the entire amount due. This right cannot be defeated by creditors paying the balance due to the vendor."

This text is amply supported by the authorities, and among the great number of cases cited in Cyc. we refer to the following: *Alexander v. Jackson,* 92 Cal. 514, 28 Pac. 593, 27 Am. St. Rep. 158; *Perry v. Ross,* 104 Cal. 19, 37 Pac. 757, 43 Am. St. Rep. 66. Some courts have gone to the extent of holding that a purchaser under parol agreement who is in actual occupancy of the premises may claim a homestead right therein. *Helgebye v. Dammen,* 13 N. D. 167, 100 N. W. 245. We are clearly of the opinion that the proceeds of sale of the premises occupied by respondent with his family were exempt under section 1158, *supra,* although he never had the legal title thereto, and the proceeds represented only his equity in the property.

The judgment, therefore, is affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.