# GIESY-WALKER CO. v. BRIGGS (INTERMOUNTAIN REALTY CO., Garnishee).

No. 2926.   Decided December 30, 1916 (162 Pac. 876).

1.  APPEAL AND ERROR — GARNISHMENT — APPEAL BY JUDGMENT DEBTOR.   In garnishment proceedings, the judgment debtor in the original action had the right to appeal from judgment rendered against the garnishee, though the garnishee was satisfied with the judgment and failed or refused to appeal, where the judgment debtor was a party to the garnishment proceedings, and institution of a separate action to determine whether the money claimed by him was exempt or not was not his only remedy.[1]   (Page 209.)

2.  APPEAL AND ERROR—FINALITY OF JUDGMENT.   In garnishment proceedings, judgment requiring the garnishee to pay plaintiff an amount, further ordering that the garnishee pay plaintiff another amount when it became due, was final, so that the judgment debtor, a party, could appeal therefrom.   (Page 210.)

3.  HOMESTEAD—EXEMPTION—PROCEEDS OF SALE—PARTIAL PAYMENT —STATUTE.   Under Comp. Laws 1907, section 1158, providing that, when a homestead is conveyed by the owner, the conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the hands of the owner, and that the proceeds of the sale, to the amount of the exemption existing at the time of the sale, shall be exempt from execution or other process for a year after receipt by the person entitled to the exemption, construed in connection with the provisions of other sections relating to a forced sale of the homestead in case the value exceeds the amount the owner is entitled to claim as exempt, the proceeds of the sale of a homestead, so far as they may be exempt, stand in lieu of the homestead for a period of a year from the time that the homestead owner has received such proceeds, and a partial payment constituted part of the proceeds of sale of a homestead the same as the remainder due and unpaid in excess of the amount constituted part of such proceeds.   (Page 211.)

4.  HOMESTEAD—EXEMPTION—BURDEN OF PROOF.   In garnishment proceedings, where the judgment debtor claimed that money in the hands of the garnishee was exempt as the proceeds of the sale of the judgment debtor's homestead, the burden was on him to establish his claim by showing that the money was a part of

---

[1]*Hansen* v. *Mauss*, 40 Utah 361, 121 Pac. 605.

the proceeds, and that it was exempt because he had not already received the amount of the proceeds of sale to which the homestead statute (Comp. Laws 1907, section 1147) entitled him. (Page 212.)

5. HOMESTEAD—EXEMPTION—SALE—DEFERRED PAYMENTS—ELECTION IN GARNISHMENT PROCEEDINGS—STATUTE. Under Comp. Laws 1907, section 1158, providing that, when a homestead is conveyed, the conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the hands of the owner, and that the proceeds of sale, to the amount of the exemption existing at the time, shall be exempt from execution or other process for a year after receipt by the person entitled to the exemption, in garnishment proceedings, where the judgment debtor claimed that the amount sought to be attached was exempt to him as the proceeds of the sale of his homestead, he could lawfully claim the amount in controversy, the amount'due him from the garnishee, when added to the $850 he had received, being less than the value of $2,750, to which he was entitled as his homestead exemption, since claimant, and not the creditor, has the right to elect what payments of the proceeds of sale he will claim as exempt, and, until he has received and held for one year the amount of the proceeds allowed him by the statute, his creditors have no right to interfere, and, if the proceeds exceed the exemption, the creditors must wait until the deferred payments become due which are in excess of the exemption right. (Page 214.)

6. GARNISHMENT—JUDGMENT FOR DEBT NOT DUE—STATUTE. Where the proceeds of the sale of the judgment debtor's homestead in the hands of the garnishee exceed the exemption allowed by the homestead statute, and the deferred payments of the proceeds are not due, the court may enter judgment in accordance with Comp. Laws 1907, section 3106, providing that, when judgment is rendered against the garnishee, and the debt is not due, execution shall not issue until the debt shall have become due. (Page 215.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by the Giesy-Walker Company, a corporation, against James I. Briggs, wherein, after judgment, plaintiff sued out writ of garnishment and attached certain money in the hands of the Inter-Mountain Realty Company. From a judgment requiring the garnishee to pay plaintiff an

amount, further ordering that the garnishee pay plaintiff another amount when it became due, Briggs, the judgment debtor, appeals.

Judgment reversed and cause remanded with directions.

*S. P. Armstrong* for appellant.

*E. L. Mecham* and *John M. Bowman* for respondent.

*Burton W. Musser* for respondent garnishee.

### APPELLANT'S POINTS.

The rights of the garnishee, as well as of both judgment debtor and creditor, are determined by the situation or status existing at the time of levy of the garnishment. (14 A. & E. Enc. L., pp. 835-6. 18 Cyc. 1485 [notes 24, 25].) The amount of moneys due at the time of service of garnishment governs the exemption, regardless of what the judgment debtor has previously had. (*Bliss* v. *Smith*, 78 Ill. 362; *Chandler* v. *Shite*, 71 Miss. 161, 163; *Hall* v. *Hartwell*, 142 Mass. 447; *Waite* v. *Franciola*, 90 Tenn. 191, 193.) It does not appear from the record that appellant owns other property; but if such is the fact, it does not deprive him of his right to exemption of the land that he has claimed as his homestead exemption. (18 Cyc. 1386 [3], 1478 [note 55-56]; *Megehe* v. *Draper*, 21 Mo. 510, 64 Am. Dec. 245; *Lockwood* v. *Younglove*, 27 Barb. 505-8; *State* v. *Finn*, 8 Mo. App. 261, 264.) It is the privilege, if not the duty, of the garnishee to make defense of exemption; and when notified, it is the duty of the judgment debtor to appear and establish his exemption. (2 Wade Attach. & Gar., Sec. 373, 395, 398, 401, 409 [note 14]; 20 Cyc. 1079 [7], 1086, 1143; *Crisp* v. *Railway*, 98 Mich. 648.) When it appears that the money garnished is the proceeds of sale of homestead, the garnishment proceedings are at an end. (2 Wade Attach. & Gar., Sec. 409 [note 7].) Appellant, being the defendant in the main action, and having claimed the funds garnished, as exempt, may appeal from the order denying his motion to discharge the garnishment, and from the order and judgment against

the garnishee, directing the garnishee to pay the funds to plaintiff, or into court. (C. L., Sec. 3113; Rood Garn., Sec. 403, 406; 3 C. J., p. 510, Sec. 344 [note 87]; p. 552, Sec. 392 [note 38]; *Deering* v. *Richardson-Kimball,* 41 Pac. 801 [109 Cal. 73]; *Kelly* v. *Edmunds,* 105 Ala. 619; *Rayford* v. *Faulk,* 154 Ala. 285, 288; *Wilson* v. *Bartholomew,* 45 Mich. 41; *Carlyle* v. *Smith,* 36 Kan. 614 [14 Pac. 156]; *Wigwall* v. *Mining Co.,* 37 Ia. 129; *Webster* v. *Lowell,* 2 Allen 123, 124; 20 Cyc. 1138 [note 92].)

FRICK, J.

The Giesy-Walker Company, hereafter called company, recovered a judgment against James I. Briggs, hereafter styled appellant, for the sum of $394.20, including costs. The company in due time sued out a writ of garnishment and attached certain money in the hands of the Inter-Mountain Realty Company, hereafter designated garnishee, which, it was alleged, said garnishee owed the plaintiff. In view that dates are entirely immaterial, we shall omit all of them.

The garnishee in its answer admitted that it had in its possession belonging to the appellant the sum of $510.66, and that $110.66 of that amount was due, and also stated when the remainder would become due.

The facts respecting the sale of appellant's homestead, the amount he sold it for, the amount of cash received by him, and the deferred payments are not in dispute, and in substance are as follows: Appellant owned three parcels of land, which, it is not disputed, constituted his homestead. One of the parcels he sold for $3,850. On that parcel there was a mortgage of $1,400, which the purchaser assumed and agreed to pay. This left appellant an equity in that parcel of $2,400. Appellant had received in cash as part payment on said parcel the sum of $850. There was therefore an unpaid balance due appellant upon the first parcel of $1,600, which was payable in installments. The second parcel owned by appellant was of the value of $1,800, on which there was a mortgage of $1,100, leaving an equity of $700 in appellant which was owing to him. He also owned another parcel of the agreed value of $200, the full amount of which was

owing to him.   The appellant's equities which he had sold in all of the said parcels of land thus amounted to the sum of $3,350.   Of this he had received $850 in cash prior to the serving of the writ of garnishment upon the garnishee.   The appellant appeared in the garnishment proceeding and claimed the whole amount of said $510.66 admitted by the garnishee to be owing to him as exempt by virtue of the provisions of Comp. Laws 1907, Sections 1147, 1154 and 1158.

The district court found that the garnishee was indebted to the appellant in the sum of $510.66; that $110.66 thereof was due when the writ of garnishment was served, and that the remainder was not yet due.   The court also found that no part of said $510.66 was exempt, and entered judgment requiring the garnishee to pay to the company said $110.66 forthwith, and further ordered that the garnishee to pay the company the remainder of said $510.66 when the same became due.

Appellant, being dissatisfied with the judgment and order of the court, prosecutes this appeal.

Counsel for respondent has filed a motion to dismiss the appeal upon two grounds:   (1) That, in view that the garnishee is satisfied with the judgment, the appellant may not appeal; and (2) that the judgment of the district court is not final, and hence not appealable.   We are of the opinion that neither ground of the motion is well taken.

That the judgment debtor in the original action has the right to appeal in case judgment is rendered against the garnishee, although such garnishee is satisfied with the judgment and fails or refuses to appeal, has been passed on in the following cases:  *Sinard* v. *Gleason,* 19 Iowa 165; *Kalisky* v. *Currey,* 68 Tenn. (9 Baxt.) 214; and *Reid* v. *Moore,* 12 Ga. 368.   In the Iowa case it is said:

"The principal defendant (the judgment debtor) may appeal from a judgment against a garnishee."

The ruling was made although the garnishee failed to appeal in that case and was satisfied with the judgment.   The other two cases referred to are also precisely in point upon that question and are against counsel's contention.   These

cases are therefore decisive of appellant's right to appeal. The contention that appellant's only remedy is to institute a separate action for the purpose of determining whether the money claimed by him is exempt or not and to recover judgment in such an action if it be held to be exempt is not tenable. True, we held in *Hansen* v. *Mauss,* 40 Utah 361, 121 Pac. 605, that in case exempt property or money is taken on execution or attachment and is applied in satisfaction of a judgment without the consent of the judgment debtor he may in a proper action recover the value of the exempt property or the amount of the money thus taken and applied. In that case the judgment debtor did not appear in the garnishment proceedings and was not made a party thereto, and hence the only remedy he had to protect his rights was a separate action against those who, contrary to law, converted his exempt property to their own use. Here, however, the appellant was made a party to the garnishment proceedings, and there is no valid reason, and counsel has suggested none, why he should not be permitted to determine his right to the money in this proceeding.

Moreover, counsel's concession that appellant can prosecute an independent action is tantamount to saying that the judgment in this case is final and appealable.     **2** This brings us to the real question to be decided.

As pointed out, the conceded facts are that appellant was the owner of a homestead of the gross value of $5,850. There were mortgage liens on the homestead amounting to the sum of $2,500. By deducting these liens from the value of the homestead it left appellant an equity therein of the value of $3,350. He, under the provisions of our statute, was entitled to homestead exemption of $2,750. His equity in the homestead thus exceeded his right of exemption to the amount of $600. The appellant had also received the sum of $850 as part of the proceeds of the sale of the homestead before the writ of garnishment was served. He contends that that sum should be deducted from the value of his equity, to wit, $3,350, and if that be done, then the amount still owing to him as proceeds of the sale of his homestead only amounts to

$2,500, which is $250 less than is allowed him under the statute as exempt.

Section 1158, under which appellant claims, reads as follows:

"When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the **3** hands of the owner; and the proceeds of the sale thereof, to the amount of the exemption existing at the time of sale, shall be exempt from execution or other process for one year after the receipt thereof by the person entitled to the exemption.

That section, when construed in connection with the provisions of other sections relating to a forced sale of the homestead in case the value thereof exceeds the amount the owner is entitled to claim as exempt, seems quite clear and free from doubt. In the other sections referred to it is, in substance, provided that in case the homestead exceeds in value the exemption that the owner, under the statute, may be entitled to, the judgment creditor may have execution against the homestead and may have the same sold, and after allowing the owner the amount of his exemption out of the proceeds of the sale the excess may be applied in satisfaction of the judgment and costs. The whole spirit and effect of the statute is that the homestead claimant may hold exempt from process a homestead equal in value to the exemption to which, under the statute, he may be entitled, or, in case of either a forced or voluntary sale, he may, in lieu of his homestead, for the period of one year, claim the proceeds of sale in an amount equal to his homestead exemption.

Section 1158 provides that:

"The proceeds of the sale thereof, to the amount of the exemption existing at the time of sale, shall be exempt from execution or other process for one year after the receipt thereof by the person entitled to the exemption."

This means, if it means anything, that the proceeds of sale shall be considered in the sense of a lump sum, the same as by other sections the homestead is always regarded as a unit whether it be composed of one or of several parcels. The

statute does not say that the homestead claimant is entitled to claim as exempt all proceeds that he may not have received at the time the writ of garnishment is served, but the statute refers to the entire amount of proceeds of sale, those received before as well as those to be received after the writ is served. The proceeds of sale, so far as they may be exempt, stand in lieu of the homestead for the period of one year from the time the homestead owner has received such proceeds. The $850 payment, therefore, constituted a part of the proceeds of sale of the homestead the same as the remainder due and unpaid in excess of that amount constitutes part of such proceeds. If that were not so, the whole purpose of the statute could be frustrated. For example, the homestead claimant who had sold his homestead for the sum of $7,500 and had secured $5,000 cash, and who was entitled to an exemption of $2,500, and at the time of sale, or at any time before garnishment and within a year from the time of sale, the purchaser of the homestead were garnished, and he admitted that he owed the claimant the sum of $2,500, the claimant could nevertheless successfully defeat his creditor by claiming the $2,500 as exempt, although it were admitted that he already had received twice the amount of the proceeds of sale that he was entitled to claim as exempt under the statute. Such could not be the result in case a homestead worth $7,500, out of which the owner was entitled to an exemption of $2,500, were sold at forced sale; and there certainly is no reason why such an incongruous result could be reached in case of a voluntary sale. Then, again, if appellant's counsel's theory is correct, the homestead claimant never need concern himself about what he has received as proceeds of sale, and so long as he does not in a lump sum and in one proceeding claim an amount out of such proceeds in excess of his exemption, the judgment creditor never could recover in a garnishment proceeding.

The rule, we think, is universal that the burden of proof is upon him who claims the exemption to prove that his property or money levied upon is not subject to the payment of his debts. "He who sets up an exemption     4 must prove it." Waples on Homesteads and Exemp-

tions 865. In 18 Cyc. 1493, the rule as to burden of proof is stated thus:

"In an action or proceeding to enforce or establish an exemption right, the burden is upon him who seeks to enforce or establish it. The claimant of exemption has the burden to show that he has fulfilled the statutory requirement as to steps taken to obtain his exemption, such as demand and furnishing a schedule."

The authorities are practically unanimous upon the question. When, therefore, the appellant claimed the money in the hands of the garnishee as exempt, the burden was upon him to establish his claim. His claim for exemption would not be established by merely showing that the money was a part of the proceeds of sale of his homestead, for the simple reason that all of the proceeds of sale may not be exempt. He would have to further show that the money in question came within the amount of exemption allowed him under the statute. How would he show that fact? By proving that he had not already received the amount of the proceeds allowed him by the statute. In doing so he would of necessity have to show what he had received, and until he did that he would not have established the fact that the particular money in question in the garnishment proceeding was exempt. In the case at bar, therefore, when appellant intervened in the garnishment proceeding, as he had a right to do, and claimed the money as exempt as being a part of the proceeds of sale of his homestead, the burden was cast upon him to show that the money was a part of the proceeds arising from the sale of his homestead, and that it was exempt for the reason that he had not already received the amount of the proceeds of sale to which the statute entitled him. His counsel, however, contend that the company was required to show all that, and, further, that the $850 could not be regarded as being a part of the proceeds of sale. We have already shown why that contention is not sound.

While the burden of proof to establish the exemption was upon the appellant, and while he may not have furnished the proof himself, yet from an inspection of the whole record it seems quite clear that appellant's right to claim the money in question in this proceeding as exempt has been success-

fully established, even though his contention that the $850 payment received by him is held to be a part of the proceeds of sale. The reason that such is the case is because all that is made to appear is that the appellant had received $850 of the proceeds of the sale of his homestead. As we have seen, he was entitled to an amount in value to $2,750. The amount in controversy, when added to the $850, does not equal, much less exceed, that amount. The proof, therefore, is sufficient to show that the money in controversy is a part of the proceeds of sale of appellant's homestead, that he had not yet received all of the proceeds of sale, and that the amount in controversy, when added to what he had received, did not exceed the amount to which he was entitled as exempt.

He therefore could lawfully claim the amount in controversy as a part of the proceeds of sale of his homestead as being exempt. This is so for the reason that, when a claimant is entitled to claim a certain amount or kind of property as exempt, such as two horses or two oxen, or any particular number of other animals or other articles of property out of a larger number owned by him, he may ordinarily select the particular animals or articles he desires to retain under his exemption right. So in, this case we think that, so long as the appellant had not yet received his full share of the money out of the proceeds of sale of his homestead, he had the right to insist upon his claim for exemption until he had received the full amount of $2,750.

There is still another reason why an exemption claimant may so elect under our statute. The intention of the statute in giving the homestead claimant the right to claim the proceeds of sale of his homestead as exempt for a period of one year from the receipt thereof is to permit him to acquire another homestead and to pay therefor with such proceeds. In selling his homestead the claimant may therefore arrange for the deferred payments as he and the purchaser may think best. When the claimant purchases another homestead, he may arrange for the deferred payments to become due at such time as may be agreed upon, and such time may be fixed when the payments owing to him on the old homestead are made payable. If, therefore, a creditor by gar-

nishment can compel payment of any installment due simply because the sum of all the installments exceeds the exemption, the creditor may then compel the claimant to make default in his payments, and may thus cause him to lose the newly acquired homestead. The claimant, and not the creditor, has the right to elect what payments of the proceeds of sale he will claim as exempt, and until he has received and held for the period of one year the amount of the proceeds of sale allowed him by the statute his creditors have no right to interfere, and if the proceeds exceed the exemption, the creditors must wait until the deferred payments become due which are in excess of the exemption right. The appellant is therefore entitled to the amount in controversy as exempt, not for the reason urged by his counsel that the $850 payment may not be considered as a part of the proceeds of sale, but for the other reasons we have hereinbefore stated.

The court therefore erred in holding that the money in controversy is not exempt from garnishment process. The court should have found the facts in accordance with the evidence, and if that had been done the findings would have been as we have outlined them above, and the conclusions of law then would have been as herein indicated. No doubt, where, as in this case, the proceeds of sale of the homestead exceed the exemption allowed by the statute, and the deferred payments of the proceeds are not yet due, the court, under the provisions of Section 3106, may enter judgment in accordance with that section. The court may, however, not allow execution against a garnishee or order the money paid to the judgment creditor until it is due, unless the garnishee and the judgment debtor, if he is a party to the proceeding, consent that it may be done. While in this case the court followed the provisions of Section 3106, *supra,* with respect to the amount found not yet due, it erred both in ordering the $110.66 found due paid to the company and in ordering the remainder of the $510.66 over and above the said $110.66 to be paid to the company when it became due, for the reason that under the facts as they appear in this record the full amount of the $510.66 in controversy is exempt as part of the proceeds of sale of appellant's homestead.

The judgment of the District Court of Salt Lake County is therefore reversed, and the cause is remanded to that court, with directions to vacate its findings of fact and conclusions of law, and to proceed with the case in accordance with the views herein expressed; appellant to recover costs.

McCARTY, J. (concurring).

For the reasons stated by Mr. Justice FRICK, I am clearly of the opinion that the motion to dismiss should be overruled. I am equally confirmed in my opinion that the district court erred in holding that the $850 paid by the garnishee to the judgment debtor (appellant herein) before the levy was made should be considered and treated as proceeds of sale of his homestead and as part of his homestead exemption.

At the time this $850 payment was made neither the judgment debtor nor his wife had made any declaration, selection or claim of their homestead exemption. Immediately, however, after the levy of garnishment was made, the judgment debtor, appellant, for the first time claimed his homestead exemption. He served notice in writing on the garnishee and the officers making the levy that he claimed as exempt from garnishment and execution the unpaid balance ($1,600) of the purchase price of the land he had sold to the garnishee as proceeds of sale of his homestead. He also served notice on the officers that he claimed all of a piece of land situated in Tremonton, Utah, valued at $200, and all of his equity, valued at $700, in another piece of ground to which he held the legal title, and which was covered by a mortgage, as a part of his exemption under the homestead law.

His family consisted of his wife and three minor children. The amount of the homestead exemption to which he was entitled was $2,750. The total value of the property and interests thus claimed by him was $250 less than the homestead exemption to which he was entitled under the provisions of the statute hereinafter mentioned.

Section 1 of Article 22 of the Constitution of this state provides that:

"The Legislature shall provide by law, for the selection by

each head of a family, an exemption of a homestead, which may consist of one or more parcels of land, together with the appurtenances and improvements thereon of the value of at least fifteen hundred dollars from sale on execution.''

The Legislature, in compliance with this provision of the Constitution, passed an act (title 32, p. 502, C. L. 1907) providing for a homestead exemption not exceeding in value—''the sum of fifteen hundred dollars for the head of the family, and the further sum of five hundred dollars for his wife, and two hundred and fifty for each other member of his family.''

Section 1149 of the act provides that:

''Any person who is the head of a family may make a declaration of homestead in the manner provided in the next two sections, *but a failure to make such declaration shall not impair the homestead right.*'' (Italics mine.)

Section 1150 provides for the recording of the declaration when properly executed and acknowledged in the office of the county recorder of the county or counties in which the land is situated. Section 1152 is as follows:

''It shall be the privilege of either the husband or the wife to claim and select a homestead *to the full extent prescribed in this title,*'' etc. (Italics mine.)

It will be observed that this section of the statute gives to either spouse the right ''to claim and select'' as exempt a homestead not exceeding in value the amount fixed by statute at the time the levy of garnishment or execution is made. The word ''select'' has a defined and well-recognized meaning. Webster defines it to mean ''to choose and take from a number; to take by preference from among others; to pick out; to cull.'' See, also, volume 7, Words and Phrases, 6401, and volume 4, Second Series, 507; *Kimball* v. *Salisbury,* 19 Utah 161, 56 Pac. 973.

The claim and selection of the homestead in this case was timely made. *Bunker* v. *Coons,* 21 Utah 164, 60 Pac. 549, 81 Am. St. Rep. 680; *Hansen* v. *Mauss,* 40 Utah 361, 121 Pac. 605. The judgment debtor having, in pursuance of, and in compliance with, the provisions referred to of the statute, claimed—selected—certain property and property rights be-

longing to him, as his homestead exemption, the court could not, without violating both the letter and spirit of the homestead exemption law, substitute property of the judgment debtor not claimed by him as exempt for any portion of the property designated in, or covered by, his claim of exemption. Nor could the court, without doing violence to the provisions of the Constitution and statutes referred to, add to or include in the exemption property of the judgment debtor not claimed and designated by him as exempt.

That the trial court misconceived and misapplied the law in holding that the $850 paid by the garnishee to the judgment debtor before the levy of garnishment was made, was proceeds of the sale of his homestead and should be regarded and treated as a part of the homestead exemption, and thereby subjecting to levy and execution a portion of the property claimed and designated by the judgment debtor as exempt, in my opinion, is too plain to admit of serious discussion. There is just as much foundation in law and in reason for the court to hold, should its action he invoked, that the $1,400 received by the judgment debtor, if he did receive or get the benefit of it, was proceeds of sale of his homestead, and that he must consider and treat it as a part of his homestead exemption, and thereby subject $1,400 more of the property claimed and selected by him as exempt to levy and execution, as there is for the ruling of the court now under consideration.

To illustrate: Suppose the judgment debtor had, when he received the $850 as part of the purchase price of the land he sold to the garnishee, immediately purchased other lands with the money, but had omitted to claim and select it as a part of his homestead exemption; would it be seriously contended that the court under such circumstances could lawfully have set it apart as a portion of the homestead exemption, and thereby subject a portion of the property selected and claimed by the judgment debtor as exempt to levy and execution? I think not. And yet there would be just as much legal basis for an order of this kind, under the circumstances suggested, as there is for the ruling and order under consideration.

To further illustrate: Suppose appellant had declined and failed to claim and select any part or portion of the property and property interests mentioned as exempt under the homestead law, and his wife, under and in pursuance of Comp. Laws 1907, Section 1152, herein set forth, had selected and claimed the identical property selected by appellant, and that only; would it be seriously contended that the $850 received by her husband on the purchase price of the land sold to the garnishee herein, before the levy was made, by operation of law, automatically became a part of the funds claimed and selected as proceeds of sale subjecting to levy and execution a portion of the property actually selected and claimed by her as exempt? I think not.

In my opinion, the affirmance of this judgment would go far toward defeating the very purpose for which the homestead law was enacted—a law which I regard as one of the mose wholesome and munificent enactments to be found in our statutes. To illustrate: A man with a family consisting of his wife and, say, four minor children depending upon him for a livelihood, and whose property consists of a home only, which is of the market value of, say, $6,000, and who, for purposes of raising money with which to educate his children, pay doctor bills and other necessary family expenses—the highest use to which money can be put—sells his home for its market value ($6,000) and receives $3,000 on the purchase price, the balance to be paid at some future time. He has the option, if the law under consideration means what it says and says what it means—and I submit that it does—to claim as exempt, as proceeds of the sale of his homestead, the money paid him or the unpaid balance of the purchase price, or to select a part of each fund as his exemption. If, however, the judgment were permitted to stand, then, in a case such as I have suggested, notwithstanding the judgment debtor may have paid out for the purposes thus mentioned the money received by him as part of the purchase price and claims as exempt the unpaid balance as proceeds of sale of his homestead, the court may, nevertheless, subject to a levy of garnishment and execution the unpaid balance or so much thereof as may be necessary to satisfy the claims of the judg-

ment creditors, and thereby partially, if not wholly, deprive him of his right to his homestead exemption.

For the reasons stated, I concur in the reversal of the judgment.

STRAUP, C. J.

I concur in the result reversing the judgment. It is the amount of exemptions of proceeds of a sale of a homestead which is fixed as of the time of the sale of the homestead, and not of the levy. But property subject to levy, whether proceeds of sale or other property, is as of the time of the levy; that is, the creditor, by levy, may take only such property as at the time of the levy is not exempt and is subject to levy. So, as I view it, it is immaterial what proceeds of sale or other property the debtor may have had prior to, but did not have at, the time of the levy. The material question is: What property or proceeds did he have or were due him at the time of the levy? Suppose the appellant had received in cash the whole of the $3,350. If, now, at the time of the levy, he had the whole of that amount, or the whole thereof was due him, then, within a year after he received it, $2,750 of it were exempt, leaving only $600 subject to levy, but if, at the time of the levy, he had, say, only $2,300, an amount less than the exemptions, he having, before the levy, paid $1,000 of the proceeds on other debts, or had spent it, the creditor then could, as against the claimed exemptions, take nothing, for he could take only such property as the debtor then had subject to levy. What he may have had a month, or a year, or some other time before the levy matters not, for the question must always be: What property or proceeds of sale did he have, or were due him, at the time of the levy? Whatever he then had in excess of his exemptions was subject to levy. If he had nothing in excess of the then claimed exemptions, then there was nothing subject to levy.

So viewing the matter, I concur in the order reversing the judgment.