HYRUM P. FOLSOM, Appellant, v. WILLIAM ASPER and ALFRED SOLOMON, as Administrators of the Estate of A. H. RALEIGH, Deceased, Respondents.

No. 1411.   (71 Pac. 315.)

2. Homestead Exemptions: Construction: Selection of Land: Time.

Under 2 Compiled Laws 1888, page 308, section 3429, exempting from execution a homestead to be selected by the judgment debtor, consisting of lands not exceeding in value the sum of $1,000 for the judgment debtor, $500 for his wife, and $250 for each other member of the family, the selection of lands claimed as exempt by a judgment debtor need not be made until after the levy, but may be made at any time before sale under execution.[1]

1. Same: Liberally Construed.

Homestead exemption laws are to be liberally construed.

3. Same: Selection: What to Include.

Under 2 Compiled Statutes 1888, page, 308, section 3429, exempting from execution a homestead to be selected by the judgment debtor, consisting of lands not exceeding in value the sum of $1,000 for the judgment debtor, $500 for his wife, and $250 for each other member of the family, it is not necessary that the selection made should include the home place of the family.[2]

4. Same: Constitutional Law Obligation of Contract: Insufficient Findings.

Session Laws 1896, page 215, amending 2 Compiled Laws 1888, page 308, section 3429, so as to raise the homestead exemption of a judgment debtor from $1,000 to $1,500, can not be considered unconstitutional, as impairing the obligation of a contract entered into before the passage of the amendatory act, where there is no finding that the lands actually claimed as exempt by the judgment debtor after suit on the contract exceeded $1,000 in value.

[1] Kimball v. Lewis, 17 Utah 380-394, 53 Pac. 1037.

[2] Bunker v. Coons, 21 Utah 164, 60 Pac. 549; 81 Am. St. Rep. 680. Kimball v. Lewis, 17 Utah 380, 53 Pac. 1037; Kimball v. Salisbury, 19 Utah 161, 56 Pac. 973.

5.  **Same: Remedy.**

    Session Laws 1896, page 215, amending 2 Compiled Laws 1888, page 308, section 3429, so as to increase the exemption allowed a judgment debtor from $1,000 to $1,500, applies to the remedy merely, and does not affect the contractual relations of parties who contracted prior to the passage of the amendatory act, and hence is not void as impairing the obligation of contracts.[3]

(Decided January 21, 1903.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. W. C. Hall,* Judge.

Action to quiet title to certain real estate situated in Salt Lake county and claimed as a homestead by the plaintiff. From a decree in favor of the defendants, the plaintiff appealed.

Reversed.

    *Messrs. Goodwin & Van Pelt* for appellant.

Laws governing exemptions from forced sales on execution affect the remedy only. Such laws should be liberally construed to secure the citizen from unjust and oppressive litigation, and protect those without other means in their pursuits, which are necessary to the existence of every community. Kirkman v. Bird, 22 Utah 100.

The occupation and use of the premises for the benefit of the debtor's family was a sufficient selection of the homestead. Kimball v. Lewis, 17 Utah 381; Kimball v. Salisbury, 19 Utah 161; Banker v. Coons, 21 Utah 164.

    *H. S. Tanner, Esq.,* for respondents.

---

[3] Kirkman v. Bird, 22 Utah 100, 61 Pac. 338; 83 Am. St. Rep. 774.

One of the tests that a contract has been impaired is that its value has by legislation been diminished. It is not, by the Constitution, to be impaired at all. This is not a question of degree or cause, but of encroaching in any respect, on its obligation, dispensing with any part of its force. United States v. Quincy, 71 U. S. 409; Planters' Bank v. Sharp, 6 Howard, 327; Edwards v. Kearzey, 96 U. S. 796.

It is competent for the states to change the form of the remedy or to modify it otherwise, as they may see fit, provided no substantial right secured by the contract is thereby impaired. United States v. Quincy, 71 U. S. 409.

The remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void. Edwards v. Kearzey, 96 U. S. 799; Siebert v. United States, 122 U. S. 1165.


BASKIN, C. J.—This is an action to quiet the title to certain real estate situated in Salt Lake county, claimed as a homestead by the plaintiff. A. H. Raleigh, who was originally the defendant, having died pending the action, his administrators, William Asper and Alfred Solomon, were substituted as defendants. The answer admits that the plaintiff is the owner of the property described in the complaint, subject to the lien therein alleged.

The trial court made the following findings of fact: "That the plaintiff is the owner and in possession and entitled to the possession of all the real estate (described in the complaint), subject to the lien of the defendant, as hereinafter set forth. That on the eighth day of August, A. D. 1892, the said defendant, A. H. Raleigh, lent to the plaintiff the sum of fifteen hundred dollars, and that on the said date the said plaintiff executed his certain promissory note, whereby he agreed to pay to the said A. H. Raleigh the said sum of

fifteen hundred dollars one year after date, and William Folsom, for a valuable consideration, indorsed the same, and to secure said sum of money then and there executed a certain mortgage. That the said sum of money was not paid, and the defendant, A. H. Raleigh, proceeded to foreclose said mortgage on said premises in the Third Judicial District Court of the State of Utah, in and for the county of Salt Lake, and, pursuant to proceedings duly had, the said district court, on the twenty-first day of April, A. D. 1897, duly made and gave a judgment whereby said mortgage was foreclosed, and the premises described in the said mortgage were ordered to be sold, and pursuant to such order the sheriff of Salt Lake county, State of Utah, did sell said premises described in the said mortgage, and, after making such sale and applying the proceeds thereof to the payment of the amount due upon said promissory note, there was a deficiency of the sum of two thousand one hundred and forty-two dollars and fourteen cents, and that said sheriff, under his hand and official seal, duly made a return to the clerk of the said court of such deficiency, and that thereupon judgment was duly made and given by the said court against William H. Folsom and Hyrum P. Folsom on the eighteenth day of May, A. D. 1897, for the sum of two thousand one hundred and forty-two dollars and fourteen cents, and said judgment was by the clerk duly docketed on said date in the judgment docket, a book kept for that purpose. That thereupon the said judgment became and was a lien on the said nineteenth day of May, 1897, upon all the premises hereinbefore described for the full sum of two thousand one hundred and forty-two dollars and fourteen cents, and ever since said time said judgment was, and still is, wholly unpaid, and was, and ever since has been, and still is, a valid and subsisting lien upon the said premises hereinbefore described. That thereafter, and on or about the  .  .  .  day of May, A. D. 1897, an execution was duly issued upon such deficiency judgment, and placed in the hands of the sheriff of said county, who

levied the same upon the real property described in the complaint (and other property belonging to W. H. Folsom, the co-defendant therein), and advertised the same for sale as required by law. That at the date of the entry of said deficiency judgment plaintiff was the head of a family, consisting of himself and wife and nine children, residing in the county of Salt Lake, State of Utah. That on the ninth day of June, A. D. 1897, the plaintiff served upon said sheriff of Salt Lake county a declaration and claim of homestead exemption, wherein he claimed to have selected the above described property as a homestead, with the appurtenances and the rents, issues, and profits thereof, for the benefit of himself and family, under and in pursuance of the provisions of subdivision 11 of section 3429 of the Compiled Laws of Utah of 1888, as amended by chapter 71 of the Laws of 1896. That thereafter the said sheriff, at the request of the attorneys for the plaintiff, returned such execution wholly unsatisfied. That on the eighth day of August, 1892, and on the date of the entry of said deficiency judgment, the judgment debtors, H. P. Folsom and W. H. Folsom, were the owners of the above-described premises, and that since the date of the above said deficiency judgment W. H. Folsom conveyed his interest and estate in the above said premises to the plaintiff herein. That neither the above said plaintiff nor his co-judgment debtor, W. H. Folsom, ever lived upon any of the above-described premises, or used the same for homestead purposes, but the proceeds derived therefrom were used for the support of the family of the judgment debtor, and that said above-described premises was not the homestead of H. P. Folsom and William H. Folsom on the eighth day of August, A. D. 1892, and was not claimed as the homestead of either of them until the ninth day of June, A. D. 1897." As conclusions of law from the foregoing facts the trial court found: "That the contract entered into between plaintiff and defendant on the eighth day of August, A. D. 1892, should be construed under the law in effect at the time

said contract was entered into; that at the time said contract was entered into the above said property described in the foregoing findings of fact was not the homestead of the plaintiff herein." A decree sustaining the lien was rendered. The appeal is upon the judgment roll alone and the main question involved is whether the findings of fact warrant the conclusions of law and the decree.

Subdivision 11, sec. 3429, p. 308, 2 Comp. Laws 1888, which was in force at the date of the making of the note and mortgage, exempted from execution a homestead to be selected by the judgment debtor, consisting of lands, together with the appurtenances and improvements thereon, not exceeding in value the sum of $1,000 for the judgment debtor, and the further sum of $500 for his wife and $250 for each other member of the family. This section was amended by an act entitled "An act to amend general section 3429 of the Compiled Laws of Utah, 1888, relating to exemptions from levy and sale on execution," approved March 28, 1896. See Sess. Laws 1896, p. 215. It is provided in the eleventh subdivision of this amendatory act that: "If the debtor be the head of a family, there shall be a further exemption of a homestead, to be selected by the judgment debtor, consisting of lands and appurtenances, which lands may be in one or more pieces in different localities of the same county in which the judgment debtor resides, or in different counties of the State, together with the appurtenances and improvements thereon not exceeding in value the sum of fifteen hundred dollars, for the judgment debtor, and the further sum of five hundred dollars for his wife, and two hundred and fifty dollars for each other member of his family." This amendatory act was passed in compliance with the requirements of section 1, art. 22, of the State Constitution, which went into effect on January 4, 1896, and is as follows: "The Legislature shall provide by law, for the selection by each head of a family, an exemption of a homestead, which may consist of one or more parcels of lands, together with the

appurtenances and improvements thereon of the value of at least $1,500, from sale on execution." The defendants contend that the amendatory statute is in violation of article 1, section 10, of the Constitution of the United States, prohibiting the States from passing any law impairing the obligation of contracts, and that, therefore, the plaintiff is not entitled to any exemption whatever in the premises. It is well settled that homestead exemption laws are to be liberally construed. The subdivision in force at the time the note and mortgage were executed is silent as to when the judgment debtor shall make his selection of the homestead therein provided for, and does not limit the selection to any particular tract, but permits the selection to be made of lands of the debtor, with the appurtenances and improvements thereon. Under such provisions the selection need not be made until after the levy, but may be made at any time before sale under the execution. Bank v. Treadway (C. C.), 17 Fed. 887; Hawthorne v. Smith, 3 Nev. 182, 93 Am. Dec. 397; Beecher v. Baldy, 7 Mich. 488-510. This court so held in the case of Kimball v. Lewis, 17 Utah 380-394, 53 Pac. 1037. It is clear from other provisions of the statute that the selection may be made after the levy at any time before the sale. Nor is it necessary that the selection should include the home place of the family. Kimball v. Lewis, supra; Bunker v. Coons, 21 Utah 171, 60 Pac. 549, 81 Am. St. Rep. 680; Swandale v. Swandale, 25 S. C. 389; Nance v. Hill, 26 S. C. 227, 1 S. E. 897. It appears from the case of Swandale v. Swandale, supra, that the Legislature, in pursuance of a constitutional requirement, exempted "a homestead in lands, whether held in fee or any lesser estate." In the opinion it is said that: "It is not at all important to inquire whether the debtor has, or ever had, a family residence or dwelling house. If he had lands, he is entitled, under the express terms of the Constitution, to claim a homestead in such lands, whether he ever

25 Utah—20

lived on them or not, for there is nothing to restrict the exemption which he claims to the family homestead, or to the dwelling house, or any other particular part of the land." There is nothing in the section under consideration which restricts the homestead to the home place, or to but one tract of the judgment debtor's lands. Frequently heads of families have no dwelling houses of their own on their lands, but reside with their families in rented houses under tenancies of short duration; some in hotels and boarding houses, and others at the home of their relatives, or in the private dwellings of other persons; and their lands frequently consist of separate and disconnected tracts. The things exempted and designated by the statute as a homestead consist of the lands of the debtor, and whatever appurtenances and improvements belong to the same, of a value not exceeding the prescribed limit, selected by the debtor; and when the debtor owns disconnected tracts a selection from either or both may be made. The statute does not confine the right to make the selection to judgment debtors who own and reside with their families in dwelling houses upon the premises exempted, but extends that right to every judgment debtor who is the head of a family and the owner of lands which are used in the support of the family. When, however, the lands owned by the debtor, together with their appurtenances and improvements, are of no greater value than the prescribed limit, and are used for the support of the family, they are exempt without any formal selection, for in that case there is nothing from which the judgment debtor can make the selection without an abridgment of the right. The foregoing principles are sustained in Kimball v. Salisbury, 19 Utah 161, 56 Pac. 973; Kimball v. Lewis, supra; Bunker v. Coons, supra. But few States (among them South Carolina) have statutes upon the subject containing the same provisions as these under consideration. The statutes of other States either in express terms or by necessary implication, limit the exemption to land or lands owned and actually occupied by the judgment

debtor, upon which, or some tract of which, the home in which the family resides is situated; and therefore the numerous decisions under the latter statutes, which hold that actual occupation of and residence by the family upon the real estate exempted is necessary, are not applicable to the case at bar.     If the deficiency judgment had been obtained before the passage of the amendatory act, the plaintiff would have had the right to claim, under the facts disclosed, a homestead exemption in the real estate described in the complaint. The amendatory statute does not abridge that right, or increase the exemption allowed for the wife and each of the other members of the family, but simply increases the exemption allowed for the judgment debtor from $1,000 to $1,500, and in express terms grants to him the right which he had, by intendment, under the original act, of selecting from his lands tracts situated in different localities.     The exemption allowed is not restricted, by either the original or amendatory statute, to lands of a fixed value, but the judgment debtor is granted the right to select lands, whatever their value may be, if below the prescribed limit.

The value of the land claimed by the plaintiff in his notice to the sheriff was not found by the trial judge, nor is there any finding as to the value of the lands described in the complaint.     If the lands so claimed were of no greater value than that allowed for the wife of the plaintiff and each of the other members of his family, or of no greater value than the limit fixed by the original statute, they were exempt from forced sale, under the provisions of the amendatory statute, which, to that extent, unquestionably, does not impair the obligation of contracts entered into before its passage and after the original statute went into effect, and is applicable to this case.

The conclusions of law found are not supported by the facts.     By the execution of the note and mortgage the obligee acquired no contractual interest in any of the lands of the judgment debtor, except that which was mortgaged.     There

is no statute or decision of a court which limits the homestead exemption to lands held or claimed as a homestead at the time the contract was entered into. The judgment debtor, at the time of entering into the contract or obligation upon which the judgment against him is rendered, may not be the head of a family, or own any land. Under the provisions of our statutes the homestead may be selected by the judgment debtor who is the head of a family, from the lands which he owns at the time a levy thereon is made, whether the same were acquired before or after the contract or obligation upon which the judgment is based was entered into.

This brings us to the question whether the provisions of the amendatory statute, which increases the previous limit of value $500, impairs the obligation of the contract in question, and is inoperative as against the judgment sought to be enforced. A point analogous to this was raised and decided by this court in the case of Kirkman v. Bird, 22 Utah 100, 61 Pac. 338, 83 Am. St. Rep. 774. Upon a review of the question we think that that case, and the authorities therein cited, sustain the following conclusions reached by us, viz.: That it was not intended by the framers of the Constitution of the United States that the provision under consideration should prohibit a State Legislature from enacting such laws as experience had shown, or might in the future show, to be necessary to the prosperity, strength, and general welfare of the State, although such necessary laws, among which are homestead and other exemptions from forced sales on execution, may affect contracts previously entered into; that contracting parties are presumed to contract in view of the inherent right of the Legislature, not only to make such laws, but also to make such alterations of them as changed conditions may render necessary; that laws exempting from forced sales under execution the necessary implements of agriculture, the tools of the mechanic, the necessary articles of household furniture as stated by Mr. Chief Justice Taney in Bronson v. Kinzie, 1 How. 311,

11 L. Ed. 143, and by Mr. Justice Clifford in Edwards v. Kearzey, 96 U. S. 608, 24 L. Ed. 799, "have always been considered, in every civilized community, as properly belonging to the remedy, to be exercised or not by every sovereignty according to its own views of policy and humanity;" and, as no attempt has been made to fix definitely the line between alterations of the remedy which are permissible and those which are not, as stated in the case of Von Hoffman v. City of Quincy, 4 Wall. 554, 18 L. Ed. 403, "every case must be determined upon its own circumstances." At common law real estate was not subject to levy and sale on execution. The right to do so, as well as the right to acquire a lien thereon by judgment, is derived from statutes; and even after judgment the judgment creditor has no contractual interest in the debtor's land. 4 Bl. Comm., 418; Thomp. Homest. and Exempt., sec. 2; Davis v. Rupe (Ind. Sup.), 17 N. E. 163-166, and cases there cited; 15 Am. and Eng. Pl. & Prac., 525, 526. It follows, as quoted from Morse v. Goold, 11 N. Y. 281, 62 Am. Dec. 103, by Mr. Justice Hunt, in Edwards v. Kearzey, supra, that "there is no universal principle of law that every part of the property of a debtor is liable to be seized for the payment of a judgment against him," and that the amendatory act in question applies to the remedy merely, and does not affect the contractual relations of the parties. The foregoing principles apply to homestead exemptions with the same force as to other exemptions specifically mentioned.

In the absence of any showing to the contrary, we must presume that the increase of the homestead exemption under consideration was necessary to the prosperity and general welfare of the State, and such as the obligee of the contract in question might reasonably anticipate. From anything contained in the record, we can not say that the increase is unreasonable or unnecessary. But if it were conceded that the provision increasing the exemption is unconstitutional and void, the only effect would be to reduce the exemption

to the original limit of value, because, being void and inoperative, it could not change the former limit. City of Portland v. Schmidt, 13 Or. 20, 21, 6 Pac. 221; Cooley, Const. Lim., 220-222, and cases cited.

It appears from the findings that William H. Folsom also claimed a homestead exemption in the lands described in the complaint, and after the deficiency judgment was rendered conveyed his interest therein to the plaintiff. Subdivision 11 of the aforesaid amendatory statute provides that, "when a homestead of a judgment debtor is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the hands of such owner." The decree rendered is not supported by the facts found. The plaintiff and the said William H. Folsom, if he was the head of a family at the time he made the claim, were each entitled to claim exemption of their lands up to the full limit of value prescribed by the amendatory statute.

As the findings are too indefinite to support any decree, a new trial is necessary. It is ordered that the judgment be reversed, at respondents' costs, and the case remanded for a new trial.

BOOTH, District Judge, concurs; BARTCH, J., concurs in result.