PAYSON EXCH. SAV. BANK v. TIETJEN et ux.

No. 4095.   Decided April 4, 1924.   Rehearing denied May 10, 1924.
(225 Pac. 598.)

1.   HOMESTEAD—EXECUTION LEVIED UPON ABSOLUTELY VOID. An execution levied upon premises constituting homestead of judgment debtor absolutely void, not merely voidable, in view of Comp. Laws 1917, § 6868.[1]

---

[1] *Antelope Shearing Corral Co.* v. *Con. Wagon & Mach. Co.*, 54 Utah, 355, 180 Pac. 597.

2.  HOMESTEAD—ORDER OF SALE IN DECREE SETTING ASIDE CONVEY-ANCE AS IN FRAUD OF CREDITOR HELD VOID. An order of sale of homestead in a decree setting aside a conveyance as in fraud of plaintiff's rights as judgment creditor was void, in view of Comp. Laws 1917, § 6868.

3.  HOMESTEAD—NOTICE TO OFFICER OF HOMESTEAD CLAIM HELD SUF-FICIENT TO PREVENT SALE. It is sufficient if judgment debtor notifies sheriff or officer holding execution or order of sale, that he claims premises attempted to be levied upon as his home-stead, and officer proceeding, in disregard of such notice, without complying with Comp. Laws 1917, § 2917, does so at his peril.[2]

4.  FRAUDULENT CONVEYANCES—CREDITOR CANNOT CLAIM TO HAVE BEEN DEFRAUDED BY CONVEYANCE OF HOMESTEAD. A homestead cannot be made subject of attack by creditor upon ground that it was sold or conveyed in fraud of such creditor.

5.  HOMESTEAD—ATTEMPT TO CONVEY TO DEFRAUD CREDITORS DOES NOT PREVENT CLAIM AS HOMESTEAD. That one has conveyed property in fraud of creditors does not prevent him claiming it as a homestead; such right being for benefit of family, which cannot be frittered away even by head of family.

Appeal from District Court, Fourth District, Utah County; *M. L. Ritchie*, Judge.

Action by the Payson Exchange Savings Bank against Jesse E. Tietjen and wife. Judgment for plaintiff, and defendants appeal.

REVERSED AND REMANDED.

*Thomas O. Ivins*, of Salt Lake City, *J. H. McDonald*, of Provo, and *M. M. Warner*, of Salt Lake City, for appellants.

*Chase Hatch* and *M. B. Pope*, both of Provo, and *R. A. Porter*, of Payson, for respondent.

[2] *Hansen* v. *Mauss*, 40 Utah, 361, 121 Pac. 605; *Giesy-Walker Co.* v. *Briggs*, 49 Utah, 205, 162 Pac. 876; *Volker-Scowcroft Lbr. Co.* v. *Vance*, 36 Utah, 348, 103 Pac. 970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124; *Antelope Shearing Corral Co.* v. *Con. Wagon & Mach. Co.*, 54 Utah, 355, 180 Pac. 597.

FRICK, J.

This is an appeal by Jesse E. Tietjen and Ina J. E. Tietjen, his wife, hereinafter called appellants, from a judgment entered by the district court of Utah county in favor of the Payson Exchange Savings Bank, hereinafter designated respondent.

The facts material to the appeal are these: The respondent commenced an action in the district court aforesaid against the appellants and two others in which it sought to set aside the deed of conveyance by which appellants had conveyed real estate to the father of the appellant Jesse E. Tietjen, one of the other defendants, which conveyance it was alleged by respondent, was without consideration and was conceived and executed in fraud of its rights as judgment creditor of appellants. Such proceedings were had in said action that on June 11, 1923, said court made findings of fact and conclusions of law to the effect that the said conveyance was in fraud of respondent's rights as a judgment creditor of appellants and entered a judgment or decree setting aside and annulling said deed of conveyance, and in said decree ordered the premises in question sold and the proceeds thereof, so far as necessary, applied to the payment of respondent's judgment. On June 29, 1923, appellants, pursuant to our statute, duly filed a declaration in which they claimed the premises in question as a homestead and as such exempt from forced sale. On July 8th appellants served a notice upon the sheriff of Utah county to the effect that they claimed the premises in question as their homestead and as exempt from judicial sale. About the same time they also filed a motion in said proceedings in said court in which they asked the court to modify said decree by eliminating therefrom the order of sale. On July 20th the motion was denied upon the sole ground that the court was powerless to grant the same for the reason that the same was filed after the term of court at which the judgment was entered had expired. On the ———— day of August following the appellants filed what in the record is called a petition and motion. In the

petition they allege that the premises in question constitute their homestead, that a declaration to that effect had been duly filed pursuant to our statute, and that the premises were exempt from judicial sale. Appellants, however, again moved the court for a modification of the judgment upon the ground that the premises are exempt from judicial sale. On the 16th day of August the court again denied the motion upon the ground that it had no power to grant it, but refused to examine into or to pass upon appellants' petition in which they alleged that the premises constituted their homestead and hence were exempt. On August 20, 1923, a "motion for a new trial and for a rehearing on the claim of exemption" was filed, which was denied on the same day. On the 14th day of December, 1923, the appellants served and filed their notice of appeal.

We have been thus specific in stating the foregoing proceedings, for the reason that some question was raised at the hearing in this court respecting the appellants' right to be heard on their appeal.

In view of the record, there is no doubt respecting the right of appellants to be heard.

The appellants insist that the court erred in denying their motion to modify the decree as hereinbefore stated, and in refusing to act on appellants' petition, and in failing to find and adjudge that the premises in question constitute appellants' homestead and therefore were exempt from execution or forced sale.

For the purposes of this decision we may well concede that the district court was without power to modify the decree at the time the application for its modification was made. The court's refusal in that regard has, however, nothing to do with the merits of this appeal. The only question here is, Do the premises in question constitute the homestead of the appellants? For the purposes of the decision we are bound to assume that the premises in question do constitute their homestead and as such are exempt under our Constitution and statute. The foregoing assumption necessarily follows from the fact that the allegations of appellants' petition,

which are made under oath, that the premises in question do constitute their homestead and hence are exempt against attack by any execution or order of sale emanating from any court, are not denied—not even questioned. Then again, the district court, always and under all circumstances, refused appellants a hearing upon their petition and entered judgment dismissing them out of court without a hearing upon their claim of homestead. True, the court based its conclusion upon the ground that it was powerless to modify the decree. It also seems, although not expressly so stated by the court, that a finding that the premises were exempt and hence not subject to the order of sale would be tantamount to an indirect modification of the decree which contained the order of sale. The district court, in arriving at the foregoing conclusion, manifestly overlooked the legal effect of the order of sale. It has become the settled law of this state that an execution levied upon premises constituting the homestead of a judgment debtor is absolutely void, not merely voidable. *Antelope Shearing Corral Co.* v. *Con. Wagon & Mach. Co.*, 54 Utah, 355, 180 Pac. 597. Our statute (Comp. Laws Utah 1917, § 6868) specifically provides that judgments become a lien only upon the nonexempt real estate of the judgment debtor. If, therefore, the real estate of the judgment debtor constitutes his homestead, the levy of an execution is not merely voidable, but, as held in the case just cited, is absolutely void. The great weight of authority, under statutes similar to ours, is to the effect "that a judgment is not a lien against premises impressed with the homestead character and subject to the homestead use, and that an attachment or execution attempted to be levied thereon is absolutely void." In 1 Thompson on Real Property (1924) § 930, numerous cases from many jurisdictions in support of the text just quoted are collated. Mr. Thompson's work, is the latest upon the subject, and hence contains the last word of the courts. If, therefore, a judgment cannot become a lien upon a judgment creditor's homestead, and an execution or attachment levied thereon is void, an order of sale entered by a court is equally impotent. It would be

strange doctrine to hold that a judgment is without 2 legal force, that an execution is absolutely void, but that an order of sale is effective to reach the homestead. The fact, however, is that in legal effect an order of a court directing a sale of exempt property is stillborn, and like an execution, is without any effect whatever. It was therefore entirely immaterial in this case whether the order of sale remained in the judgment or decree, or was eliminated therefrom. It being without force or effect, it could neither help nor harm any one. The district court was therefore in error when it held that so long as the order of sale remained in the decree the court was powerless to prevent a sale of appellants' homestead. .

In view that there was no denial of appellants' claim of homestead, the court should have entered an order in the case to that effect, and such an order, without more, would have prevented the sale thereof notwithstanding the order contained in the decree.

Indeed, in this jurisdiction it is quite sufficient if the judgment debtor notifies the sheriff or officer holding an execution or order of sale that he claims the premises attempted to be levied upon as his homestead; and, if the officer nevertheless proceeds without complying with Comp. Laws Utah 1917, § 2917, he does so at his peril. It may also be doubted whether an officer or any one else under any circum- 3 stances may sell or dispose of a homestead without becoming liable unless he does so with the consent and approval of the homestead claimant, and, if such claimant be married, then with the consent of both husband and wife. See *Hansen* v. *Mauss*, 40 Utah, 361, 121 Pac. 605; *Giesy-Walker Co.* v. *Briggs*, 49 Utah, 205, 162 Pac. 876; *Volker-Scowcroft Lbr. Co.* v. *Vance*, 36 Utah, 348, 103 Pac. 970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124; and *Antelope Shearing Corral Co.* v. *Con. Wagon & Mach. Co.*; supra. While the decisions in the foregoing cases do not pass upon questions precisely like those we have just discussed, those decisions, nevertheless, are all to the effect that a homestead right is paramount to all other rights, and that a creditor or any one else who

attempts to invade the right does so at his peril. Moreover, as pointed out in the first case above cited, the homestead claimant is not required to assert his claim in any particular action or proceeding, but may assert his rights either in the original action or in any subsequent action or proceeding. Nor is it necessary, in this state, that the premises that are claimed as a homestead are occupied or used as such, but any · real estate that the judgment debtor owns or in which he holds some estate may be claimed as his homestead to the extent of the value allowed by the statute. When, therefore, a claim of homestead is made, as in this case, all the judgment creditor is entitled to is to claim the excess in value, if any there is, above the value constituting the homestead right. That is made quite clear in section 2917, supra, to which we have referred.

Then, again, the fact that the district court in the main action had adjudged the conveyance by appellants of their homestead as void as against the respondent is of no consequence. A homestead cannot be made the subject of attack by a creditor upon the ground that it was sold     4 or conveyed in fraud of such creditor. In view that creditors may not legally attack a homestead they have no concern in its disposition by the claimant. The law is tersely and correctly stated by Mr. Thompson in volume 1 of his late work on real property in section 933, in the following words:

"Fraudulent conveyances do not enlarge the rights of creditors, but leave them just as if no conveyance had been made so far as enforcement is concerned. A creditor, under his execution, cannot sell a debtor's title and at the same time deny the debtor homestead on the ground that he has no title."

As before pointed out, an order of sale can be given no greater effect than an execution. The fact, therefore, that in this case a sale was ordered is entirely immaterial.

It is also clearly pointed out by Mr. Thompson in the section just referred to that the mere fact that the claimant may have conveyed, or may have attempted to convey, his homestead, when such conveyance is attacked by a creditor, as in this case, does not prevent him from successfully claiming

the premises as a homestead. This is so because the homestead is not subject to attack by a creditor, and for the further reason that the homestead right is for the benefit of the family, and such right cannot be frittered away even by the head of the family.

It appears from the record in this case that the appellants have six children. Under our statute, therefore, they are entitled to claim a homestead of the value of $1,500 for the husband, $500 for the wife, and an additional $250 for each minor child. If, therefore, the premises claimed by appellants constitute their homestead, and they do not exceed in value the sum of $3,500, then the whole thereof is exempt, and if they do exceed that value then the excess only may be reached, as pointed out in section 2917, supra.

From what has been said it follows that the judgment appealed from should be, and it accordingly is, reversed, and the cause is remanded to the district court of Utah county, with directions to proceed in accordance with the views herein expressed, appellants to recover costs.

GIDEON, THURMAN, and CHERRY, JJ., and WOOLLEY, District Judge, concur.

WEBER, C. J., did not participate herein.