[Civ. No. 6253. First Appellate District, Division One.—October 2, 1928.]

HAGOP IKNOIAN et al., Respondents, v. KARL WINTER et al., Defendants; G. H. SALWASSER et al., Appellants.

W. M. Conley and Matthew Conley for Appellants.

Iener W. Neilsen for Respondents.

TYLER, P. J.—Action to quiet title. On July 9, 1919, defendants Karl Winter and Mary, his wife, were the owners of certain lots in Sanger Colony in the county of Fresno. The property was subject to a purchase price mortgage in favor of Mary M. Barbour for $7,800. On the date last mentioned Winter and his wife entered into a contract with the plaintiffs for the sale to them of the property for the sum of $10,000, the terms being $1,000 cash; $1,000 and interest on or before November 1, 1920; $1,000 and interest on or before November 1, 1921, and a like sum and interest on or before November 1, 1922; $5,000 and interest on or before November 1, 1923, and the balance of $1,000 and interest on or before November 1, 1924. The parties agreed that the purchasers might make any of the payments agreed to be made, upon and towards the payment of said mortgage, and when so paid the amount would be credited upon the purchase price. The evidence shows that plaintiffs paid Winter the sum of $4,000 in conformity with the terms of the contract and at the time the last payment of $1,000 was made Winter only had coming to him the sum of $200 on the principal over and above the existing mortgage; that he received this $1,000 from plaintiffs and paid $800 of the same on the mortgage and informed plaintiffs that all future payments were to be made to the mortgagee or her representative as he had been fully paid for whatever interest he held in the property. Plaintiffs then asked for a deed. Winter informed them he was busy at that time, but would execute one later. The deed was finally executed March 28, 1925. The evidence further shows that all subsequent payments were made by plaintiffs to the mortgagee in conformity with the agreement of the parties. At or about the time Winter received his last payment he was in financial difficulties. On the tenth day of January, 1923,

appellant G. H. Salwasser in an action brought against Winter attached the land in question. Salwasser obtained judgment against Winter in the sum of $2,690 and thereafter he assigned an undivided one-half interest in such judgment to Philip Conley and an undivided one-half interest to J. W. Meux, appellants herein. The present action to quiet title to the land was brought by plaintiffs against Winter, his wife; the Commercial Bank of Sanger, which had a separate claim; G. H. Salwasser, Philip Conley, and J. W. Meux.

The sole question here presented is whether or not the judgment lien acquired by appellants in the manner indicated affects the property in question. It is appellants' contention that at the time of the attachment the legal title to the property was in Winter, notwithstanding his contract of sale with plaintiffs, and that therefore the judgment lien of Salwasser attached to the property, for which reason the judgment in the present action quieting the title of plaintiffs is erroneous. The contention is without merit. It is true that under our codes any interest, legal or equitable, which a defendant has in lands, is subject to attachment (Code Civ. Proc., secs. 542, 683; *Fish* v. *Fowlie,* 58 Cal. 373). Under this rule the interest of a mortgagor in lands contracted to be sold is bound by the lien of a judgment recovered against him while the contract is unexecuted, to the extent to which it is unexecuted. (*Godfrey* v. *Monroe* 101 Cal. 224 [35 Pac. 761].) But there must be an interest to which the lien can attach. The law is well settled that the lien of a judgment does not attach to a naked title, but only to the judgment debtor's interest in the real estate; and if he has no interest, though possessing the naked title, then no lien attaches (*Riverside Min. Co.* v. *Wicks,* 14 Cal. App. 526 [112 Pac. 896]). Thus a creditor who attaches property for his debt obtains a lien only upon the title or interest which the debtor has in the property at the time of the levy, and if at that time all title and interest has passed from him to a third person, the creditor gets nothing by the levy. (*National Bank of Pacific* v. *Western Pac. R. R. Co.,* 157 Cal. 573 [21 Ann. Cas. 1391, 27 L. R. A. (N. S.), 987, 108 Pac. 676].) The interest which the lien of judgment affects is the actual interest which the debtor has in the property, and a court of equity will always per-

mit the real owner to show that the apparent ownership of another is or was not real; and when the judgment debtor has no other interest except the naked legal title, the lien of judgment does not attach. (Freeman on Judgments, 4th ed., sec. 357; Black on Judgments, 2d ed., secs. 420, 421; *Hays* v. *Reger,* 102 Ind. 524 [1 N. E. 386].) Here at the time the judgment was as docketed against Winter he had no interest in the land as he had been fully paid the amount over and above the mortgage and by agreement of the parties the amount of this mortgage was to be paid by plaintiffs directly to the mortgagee. The mere fact that Winter had failed to comply with his agreement to execute a deed until after the rendition and docketing of the judgment in no manner affects plaintiffs' rights. ▪ One who conveys property by an unrecorded deed conveys title which is good against the grantor and everyone claiming under him, except a purchaser or encumbrancer who in good faith and for a valuable consideration acquired a title or lien by "an instrument first duly recorded" who is protected under section 1107 of the Civil Code. But neither an attachment nor a judgment is "an instrument" within the meaning of that section; an unrecorded deed takes precedence over a subsequent attachment or judgment against the grantor (*Hoag* v. *Howard,* 55 Cal. 564; *Wolfe* v. *Langford,* 14 Cal. App. 359 [112 Pac. 203]). ▪ Here, as above, plaintiff had paid his vendor in full for all of his interest in the property. Under such circumstances there remained no interest in the vendor that was subject to the attachment or the judgment lien in question.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.