## BROWN et ux. v. CLEVERLY et ux.

No. 6039.   Decided November 9, 1938.   (83 P. 2d 1009.)

For opinion on rehearing, see 96 Utah 120, 85 P. 2d 769.

*N. H. Tanner* and *J. J. Whitaker*, both of Salt Lake City, for appellants.

*Wendell B. Hammond,* of Bountiful, and *J. T. Hammond, Jr.,* of Salt Lake City, for respondents.

FOLLAND, Chief Justice.

This case is one which arouses sympathy for appellants, but it is too late at this time for them to start over at the beginning and proceed properly with their claim against the respondents. A history of the entire proceedings, including a complete statement of facts, may be found in *Cleverly* v. *District Court,* 85 Utah 440, 39 P. 2d 748, 749; and in *Brown* v. *Cleverly,* 93 Utah 54, 70 P. 2d 881.

The single question presented on this appeal is whether the trial court erred in holding that respondents were entitled to claim as exempt from execution the property involved in this litigation. Respondents claimed this property as a homestead under Section 38-0-1, R. S. U. 1933, which reads as follows:

"A homestead consisting of lands, appurtenances and improvements, which lands may be in one or more localities, not exceeding in value with the appurtenances and improvements thereon the sum of $2,000 for the head of the family, and the further sum of $750 for the spouse, and $300 for each other member of the family, shall be exempt from

judgment lien and from execution or forced sale, except upon the following obligations: (1) taxes accruing and levied thereon; and (2) judgments obtained on debts secured by lawful mortgage on the premises and on debts created for the purchase price thereof."

Whether the trial court erred is governed by our decision in the last appeal of this case, reported in 93 Utah 54, 70 P. 2d 881. On that appeal we held that plaintiffs' claim to an equitable lien on the property covered by the original contract of purchase was defeated by the statute of limitations. We also held that a discharge in bankruptcy did not discharge a judgment lien against property where such lien had existed more than four months before the filing of bankruptcy. Inasmuch as the Browns had obtained a judgment which created a judgment lien against the property of the Cleverlys more than four months prior to the bankruptcy proceedings by J. W. Cleverly, the judgment lien remained attached to whatever property Cleverly had which was not exempt from execution. Therefore, it became necessary to determine whether J. W. Cleverly owned any property at that time which was not exempt from execution. The opinion of this court in 93 Utah at page 68, 70 P. 2d at page 887, reads:

"It seems apparent to us that the trial court and the parties, having assumed that the discharge in bankruptcy of J. W. Cleverly destroyed plaintiffs' judgment lien against his property, failed to consider or offer proof upon the question of whether the property involved, being in the name of J. W. Cleverly, was exempt from execution. If it was exempt, then no judgment lien attached and no execution should issue against it. But whether it was exempt should have been determined, for, unless it is exempt, the judgment lien attaches and is not destroyed by the discharge in bankruptcy. In this respect the trial court failed to determine one of the material issues before it."

It was a matter of record on the last appeal that the property which appellants seek to have declared subject to their claim was selected by the Cleverlys as their homestead, and the formal selection was filed for record in the

office of the county recorder of Davis County on March 14, 1932—four days prior to the entering of judgment by the court in the original action by the Browns against the Cleverlys. Therefore, at the time appellants obtained a judgment against the Cleverlys there was no property against which a judgment lien could attach, unless the property claimed as a homestead exceeded in value the amount allowed as exempt under the statute. The only question then to be determined was whether the property claimed as a homestead by the Cleverlys was of greater value than allowed under Sec. 38-0-1, R. S. U. 1933, quoted above. To determine this question the cause was "remanded to the district court of Davis County for further proceedings in harmony with the views expressed herein."

The district court in the last trial determined that question and found the value of the property at the time it was claimed as a homestead, and later at the time judgment was obtained against the Cleverlys, to be less than the amount the Cleverlys were allowed under the homestead statute.

All other questions were disposed of in the last appeal. The sole question which was to be determined when the cause was remanded to the district court was whether the value of the property involved exceeded the amount allowed as a homestead under our statute. After both parties had submitted their evidence, the court found the value of the property to be less than allowed under Section 38-0-1. The evidence supports such a finding.

The judgment of the trial court is affirmed. Costs to respondents.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.