[L. A. No. 17436.   In Bank.—July 26, 1940.]

SOUTHERN PACIFIC MILLING CO. (a Corporation), Appellant, v. J. T. MILLIGAN et al., Respondents.

W. T. Shipsey and Schauer, Ryon & McMahon for Appellant.

Alex. Webster and John J. Hutchins for Respondents.

CURTIS, J.—Plaintiff instituted this action upon a contract for the direct payment of money and procured a writ of attachment to be issued, and the sheriff levied the same upon the real property of the defendants, which was at the time of the levy subject to a valid homestead. The defendants, after said levy gave notice to plaintiff of a motion for

an order releasing the lien of the attachment and discharging said levy. This matter came on regularly to be heard, and was granted by the court. The plaintiff has appealed from said order.

Section 1 of article XVII of the Constitution provides that, "the legislature shall protect, by law, from forced sale a certain portion of the homestead and other property of all heads of families." Section 1240 of the Civil Code provides that, "The homestead is exempt from execution of forced sale, except as in this title provided."

Section 1241 of the same code enumerates the exceptions to the foregoing code section, none of which applies to the present proceeding.

Sections 1245 to 1259 of the Civil Code provide for the procedure for the levy of an execution upon a homestead exceeding in value the amount of the homestead exemption which is the sum of $5,000. No other section of the code of which we are aware is of any pertinence to the question now before us. It will be observed that nothing is said in any of the sections of the code, mentioned above, respecting an attachment of property selected as a homestead, and it is the contention of the appellant that as there is no express provision of the law forbidding an attachment of property selected as a homestead such a proceeding is within the law.

The right to attach property selected as a homestead was before this court in the case of *Marelli* v. *Keating,* 208 Cal. 528, 531 [282 Pac. 793], and it was there held that: "Property cannot be said to be exempt from, or not liable to, execution, where the execution levy is a necessary step to secure or preserve to the judgment creditor valuable rights, and not being exempt from execution, it is by the terms of section 541 of the Code of Civil Procedure, subject to attachment." We consider this decision decisive of the question now before us.

However, a holding that property subject to a valid homestead may be attached in a proper attachment proceeding is not decisive of this appeal. As we have seen, under certain sections of the Civil Code an execution will lie against the excess value of a homestead when its value exceeds $5,000. In this action, the defendants' motion was supported by an affidavit that this homestead property was of the value of $5,000, and was subject to an encumbrance of $3,500. No

contrary affidavit was filed by the plaintiff and there is nothing before us to show that said property exceeded in value the maximum amount of the homestead exemption, even were it not subject to said encumbrance. ■ The law is well settled that property selected as a homestead and subject to an encumbrance, must be sold subject to the encumbrance, and unless a bid be received exceeding the homestead exemption for the property subject to the encumbrance, no sale can be had. (Sec. 1255, Civ. Code; *Martin* v. *Hildebrand*, 190 Cal. 369, 373 [212 Pac. 618].) ■ With this situation before the trial court, we think it properly granted defendants' motion for the discharge of the levy of said attachment.

The order discharging the attachment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Edmonds, J., concurred.