302 P.2d 273

Fearn GRAY and Leila Gray, Plaintiffs and Respondents,

v.

Edward R. STEVENS, Defendant and Appellant.

No. 8524.

Supreme Court of Utah.

Oct. 15, 1956.

Elias Hansen, Salt Lake City, for appellant.

Dave McMullin, Payson, Dallas, H. Young, Jr., Provo, for respondents.

HENRIOD, Justice.

Appeal from a judgment quieting title in plaintiffs to real property. Reversed in part. No costs awarded.

Years ago, plaintiff Fearn Gray, and defendant Stevens, were partners. The partnership was dissolved. Protracted litigation gave Stevens a money judgment against Gray. Between dissolution and judgment, Mr. and Mrs. Gray acquired, as joint owners, a home, which they burdened with a first and second mortgage, plus a homestead declaration recorded by Fearn Gray in his half interest, all before Stevens levied an execution, where, at the sale, no satisfactory bid was offered. Plaintiffs then sued Stevens to quiet title to the entire property and the lower court entered a decree so quieting the title and foreclosing defendant from thereafter asserting any lien against the whole or any part of the property. The decision resulted from the trial court's subtracting an amount from the determined value of the property, aggregating the amounts of the mortgages and the homestead exemption, which subtraction resulted in a negative quantity, the court then reasoning that Fearn Gray had no equity in the property against which an execution might issue.

Of the errors urged, but one seems meritorious and conclusive, i. e., that it was error to quiet title to the entire tract permanently.

■ The fundamental fallacy of plaintiff's contention and the trial court's decree was the use of a formula which added together an encumbrance (homestead exemption) which by statute expressly and irrevocably is invulnerable to attack by execution, and encumbrances not so favored, then concluding that the entire property was exempt from execution as though the amounts which were added were all statutorily exempt as is a homestead declaration. Such reasoning invests a mortgage, which does not prevent sale on execution, with the status of a homestead exemption,—which does. There is no reason in law or logic to conclude that interjection of a homestead exemption into a scene attended by a mortgage, should cast the latter in a role different than that in which it was cast before. The authorities generally conclude that sale on execution need be only for something in excess[1] of the homestead exemption, and that such sale be made subject to encumbrances, if any there be, that do not enjoy the exclusive character of a homestead exemption.[2]

1. Brown v. Cleverly, 1938, 96 Utah 116, 83 P.2d 1009; Payson Exch. Sav. Bank v. Tietjen, 1924, 63 Utah 321, 225 P. 598; Giesy-Walker Co. v. Briggs, 1916, 49 Utah 205, 162 P. 876; Finerty v. First Nat. Bank, 92 Okl. 102, 218 P. 859, 32 A.L.R. 1326.
2. Southern Pac. Milling Co. v. Milligan, 1940, 15 Cal.2d 729, 104 P.2d 654; 40 C.J.S., Homesteads, § 203, p. 688.

During the life of the judgment the creditor has a lien on unexempt property of the debtor existing at the time of the judgment, or acquired thereafter.[3] The only prerequisite successfully to levy execution against homestead-burdened property is a bid in excess of that burden. The homestead exemption amount is then paid to the homesteader, the balance to the creditor. Where the aggregate of encumbrances, including the homestead, happens to represent a figure greater than the court-found value of the property, it is no answer to say one would be foolish to bid a greater amount at an execution sale. A bidder at a judicial sale not only has the prerogative of being foolhardy, but well might disagree, and profitably so, with a judicial determination of value, and in an arena populated by lively competitive bidders who share his view, might stretch his bid so as to wholly or substantially satisfy the judgment lien.

To affirm the judgment here could lead to absurd and illogical results. If the aggregate sum of encumbrances exceeded by ten cents the court-found property value, the judgment creditor forever would be foreclosed in a quiet title suit from asserting his lien. The next day the debtor safely could convey his property free from the judgment lien. If the aggregate amount fell ten cents short of the adjudged value of the property the judgment creditor's lien would be preserved during the judgment's life and could result in an execution against the property when and if the encumbrances were paid off, voluntarily discharged, judicially declared to be inferior, foreclosed (in which event the judgment creditor could assert his valuable right of redemption), or otherwise disaffiliated with the ownership,—and the magic sum of ten cents would make all the difference in the world. So long as the judgment is extant, albeit impotent in an attack on the homestead interest while it persists, the judgment does not lack virility in futuro, when, as pointed out above, the property may become disencumbered.

The case is returned with instructions to enter a decree quieting title in plaintiffs to the homestead only, and only so long as it remains an encumbrance against the property.

McDONOUGH, C. J., CROCKETT and WADE, JJ., and A. H. ELLETT, District Judge, concur.

WORTHEN, J., having disqualified himself, does not participate herein.

CROCKETT, Justice (concurring).

I concur in the holding that under the facts here the plaintiffs are not entitled to have a decree quieting title to the property. However, in regard to this subject I deem

---

3. Musa v. Segelke & Kohlaus Co., 1937, 224 Wis. 432, 272 N.W. 657, 111 A.L.R. 168.

it advisable to add a further comment. The right to a homestead set out by our Constitution [1] and statutes [2] is absolute, and its claimant may deal with it in any manner he sees fit. [3] This is an important privilege which should not be circumvented by making it impractical to use. The problem arises: when a judgment debtor desires to sell property which he claims as a homestead, how can he accomplish it unless a court will declare that it is a homestead and therefore exempt from the lien of a subsisting judgment. Even though his property may be valued at less than his homestead exemption, a prospective purchaser may be reluctant to accept title unless there is some record assurance that it is properly claimed as a homestead and exempt from the judgment lien. It therefore seems essential that the court should adjudicate that at a given time a claimant is entitled to a homestead in property he designates for such purpose if the existing facts bring him within the provisions of law relating thereto. Such an adjudication of the propriety of the declaration of homestead at a given time seems necessary to carry out the homestead purpose. [4] On the other hand, it seems that the permanent enjoining of the enforcement of the judgment lien against the property, based on the facts existing at any particular time, may improperly preclude the attachment of the judgment lien to the property when the decrease of encumbrances against the property, its enhancement in value, the acquisition of additional property by the debtor, or the diminution of his family which would reduce his homestead value, might later permit the judgment lien to attach if the debtor continued to hold the property.

---

1. Utah Const. Art. XXII, Sec. 1.
2. Utah Code Ann.1953, 28-1-1 to 28-1-19.
3. Payson Exch. Sav. Bank v. Tietjen, 63 Utah 321, 225 P. 598; Kimball v. Salisbury, 17 Utah 381, 53 P. 1037; Panagopulos v. Manning, 93 Utah 198, 69 P. 2d 614.
4. Folsom v. Asper, 25 Utah 299, 71 P. 315.