Ezra L. **BELNAP** and Lina M. Belnap, Plaintiffs and Appellants,

v.

Robert J. **BLAIN** and Judith Ann Blain, American Savings and Loan Association, John Does 1 through 10, Defendants and Respondents.

No. 15168.

Supreme Court of Utah.

Feb. 7, 1978.

---

Walker E. Anderson, Salt Lake City, for plaintiffs and appellants.

David B. Boyce, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

In this action plaintiffs sought to invoke the equitable powers of the court to foreclose their judgment lien on a parcel of real property, in which defendants asserted an interest. Defendants, Blains, were successors in interest to the judgment debtor, Michael E. Crowley. Defendant, American Savings, by assignment, succeeded to the rights of the beneficiaries under three separate trust deeds to the subject property, which were prior in time to the docketing of plaintiffs' judgment.

Defendants moved for summary judgment on the ground that on the day plaintiffs' judgment was docketed, the prior outstanding encumbrances exceeded in dollar value the fair market value of the property. Therefore, they reasoned the judgment debtor had no interest in the property to which the judgment lien could attach. The trial court granted judgment to defendants based on this theory. Plaintiffs appeal. We reverse.

On March 23, 1976, plaintiffs were awarded judgment against Michael E. Crowley. The judgment was docketed the following day. At this time, Crowley was the fee title owner of Lot 339, Brighton Hills No. 3, situated in Salt Lake County, Utah. According to defendants, on the day the judgment was docketed, there were the following encumbrances on the property:

1. A deed of trust, recorded August 8, 1972, trustors, the Sydows; Trustee and Beneficiary, First Federal Savings and Loan Association; obligation: $33,112.95.

2. A deed of trust, recorded December 18, 1974, Trustors, Eakins; Trustee, Reli-

able Title Company; Beneficiaries, Sydows; obligation: $5,577.32.

3. A deed of trust, recorded October 24, 1975, Trustors, Crowleys; Trustee, Lewis; Beneficiary, Murray First Thrift; obligation: $24,365.26.

4. Judgment against Mary Eakins in favor of Aetna Finance Company; docketed March 14, 1975; amount: $1,385.02.

5. Judgment against James B. and Mary Eakins in favor of Walker Bank and Trust Company; docketed May 7, 1975; amount, $1,077.26.

6. Judgment against James B. Eakins in favor of Walker Bank and Trust Company; docketed May 7, 1975; amount, $3,625.68.

Subsequent to the docketing of plaintiffs' judgment, Crowley sold the subject property to Blains. American Savings discharged the indebtedness secured by the three trust deeds and took an assignment of them. It also discharged the three judgments. The buyers, the Blains, executed a new trust deed with American Savings as the beneficiary. American Savings further acted as the closing agent in the sale of the property to Blains from Crowleys. It submitted a copy of the closing statement to indicate Crowley received no proceeds from the sale to Blains. American Savings, by affidavit, submitted an appraisal of the property indicating a fair market value of $64,500 on July 16, 1976, and an estimated value of $64,180.00 on March 24, 1976, the day plaintiffs' judgment was docketed. Thus, defendants argued before the trial court that on March 24, 1976, the encumbrances against the property were in the sum of $69,143.49, which exceeded the fair market value by $4,963.49.

Defendants in their motion for summary judgment framed the issue as follows:

The only issue before this Court for purposes of this motion for summary judgment is whether the judgment ever attached as a judgment lien upon the real property since the judgment debtor had no equitable interest, but only bare legal title at the time the judgment was docketed and ever since said time.

In a minute order, the trial court recited that by affidavit defendants showed that Michael Crowley had no equity in the real estate in issue since the encumbrances against the property far exceeded its sale price or F.M.V. the trial court ruled:

. . . If the judgment debtor has encumbered the property prior to the time the lien attaches such that the owner has no remaining equity then the lien does not become effective until the equity arises, even though the lien retains its priority from the date of its docketing.

. . . .

The summary judgment rendered in favor of defendants was predicated on the foregoing.

■ To sustain their position defendants cite the principle that the lien of a judgment does not attach to a naked legal title but only to the judgment debtor's interest in the real estate; and if the judgment debtor has no interest, though possessing naked legal title, then no lien attaches.[1]

■ The principle is correct; the legal analysis of Crowley's interest, and that of the encumbrances is in error. The reference to the judgment debtor's interest means his estate in the real property; herein, identified as a fee simple. Crowley's estate was in no way diminished or modified by the encumbrances, which constituted mere liens or charges against the property. A mortgagee's interest is no longer an estate, but a mere lien, incapable of being separated from the debt and transferred by itself. The mortgagee has no power to recover possession of the land, his interest is a mere equitable lien and not an estate. Equity enforces the lien by sale of the premises and an application of the proceeds upon the debt.[2]

1. *Parsons v. Robinson*, 206 Cal. 378, 386, 274 P. 528 (1929); *Iknoian v. Winter*, 94 Cal.App. 223, 270 P. 999 (1928); *Majewsky v. Empire Construction Company*, 2 Cal.3d 478, 85 Cal.Rptr. 819, 467 P.2d 547 (1970).

2. *State Bank of Lehi v. Woolsey*, Utah, 565 P.2d 413 (1977).

The judgment liens against the property, which were a consequence of judgments taken against Crowley's predecessors in interest, did not constitute an estate which diminished his interest. The prior encumbrances did not defeat Crowley's estate in the property; Crowley had an interest to which plaintiff's judgment lien could attach, subject, of course, to all encumbrances with priority.

78–22–1, U.C.A. 1953, provides:

> From the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor, not exempt from execution; in the county in which the judgment is entered, owned by him at the time or by him thereafter acquired during the existence of said lien.
>
> . . .

A similar statutory provision was interpreted to mean the lien attached to any real property acquired by the judgment debtor as the actual owner on his own behalf and not in trust or as an agent on behalf of some other persons.[3] Defendants have not presented any evidence indicating that Crowley was the trustee of an express, constructive, or resulting trust or that he was an agent or mere conduit for the transfer of title to the true owner.

The concept of bare legal title, or naked legal title, upon which defendants have relied does not apply to Crowley's interest. For example:

> . . . A judgment against the trustee creates no lien upon the interest of the cestui que trust. And whenever one holds the naked legal title, having no beneficial interest, there is nothing to which the judgment lien can attach, and a sale under execution to a purchaser with notice is inoperative, and does not even convey the legal title. Hence when a grantee is a mere conduit, as where he purchases property in his name as the agent of another, with the latter's funds, and subsequently conveys to him, there is

no interest to which a judgment lien can attach. The same result arises when title is placed in the name of a person so that he may sell it and pay the proceeds to the owner, or solely to enable him to procure a loan thereon, and after procuring the loan, he reconveys to his grantor; or where a husband and wife convey land to a third person for the purpose of enabling him to convey to her.[4]

To sustain the ruling of the trial court would mean that an encumbrancer was the true owner of an estate in real property, and that the fee title owner held the legal title merely as an agent or trustee for the encumbrancer. Such is not the law. The encumbrance constitutes a lien against the property and a court may order a sale, to apply the proceeds to the debt. The encumbrancer does not own an estate in the property.

In *Gray v. Stevens*,[5] the judgment debtor filed a quiet title action against the judgment creditor. The trial court determined the value of the property and then subtracted the aggregate amounts of the mortgages and homestead exemption, with a negative quantity as a result. The trial court ruled the judgment debtor had no equity in the property against which an execution might issue.

This court held such to be error, and observed the reasoning of the trial court invested a mortgage (which does not prevent a sale on execution), with the status of a homestead exemption. A sale on execution may be made, subject to prior encumbrances, if any there be. This court reiterated that during the life of the judgment the creditor has a lien on *unexempt* property *of the debtor existing at the time of judgment or acquired thereafter.* It was there said:

> To affirm the judgment here could lead to absurd and illogical results. If the aggregate sum of encumbrances exceed-

---

3. *Majewsky v. Empire Construction Company,* note 1, supra, at p. 551 of 467 P.2d.

4. 2 Freeman On Judgments (5th Ed.) Sec. 956, pp. 2010–2011.

5. 5 Utah 2d 361, 302 P.2d 273 (1956).

ed by ten cents the court-found property value, the judgment creditor forever would be foreclosed in a quiet title suit from asserting his lien. The next day the debtor safely could convey the property free from the judgment lien. If the aggregate amount fell ten cents short of the adjudged value of the property the judgment creditor's lien would be preserved during the judgment's life and could result in an execution against the property when and if the encumbrances were paid off, voluntarily discharged, judicially declared to be inferior, foreclosed (in which event the judgment creditor could assert his valuable right of redemption), or otherwise disaffiliated with the ownership,—and the magic sum of ten cents would make all the difference in the world. So long as the judgment is extant . . . the judgment does not lack virility in futuro, when, as pointed out above, the property may become disencumbered.[6]

The Blains, who purchased Crowley's interest in the property contend it would be unjust to rule that plaintiffs' lien attached to the property. We think not.

In *Kinney v. Vallentyne*,[7] the court observed that a judgment lien has always been regarded as the highest form of security to a debtor. The court explained that after the judgment creditor complies with the statutory requisites so that the lien attaches, the transferee of the property takes with constructive notice of both the original amount of the judgment and the remaining life of the lien.

. . . He is presumed to know that if the value of the property at the time of transfer is insufficient to satisfy the judgment debt as it then stands, the creditor will be entitled to reach any future increase in the equity in the property occurring before he enforces the lien. Knowing this risk, during the life of the lien the transferee contributes to the equity in the property at his peril.

There is one other aspect which merits consideration. A review of plaintiffs' pleadings indicates only an equitable claim for relief, viz., foreclosure of their judgment lien. There is an allegation there is no adequate remedy at law, but there are no facts pleaded or subsequently established by discovery or affidavit to sustain this claim.

■ A judgment lien is a creature of statute and should be pursued in the manner provided by the legislature.[8] A levy of execution is ordinarily the only proper method to enforce a judgment lien, unless the case involves special circumstances, e. g., in *Free v. Farnworth*,[9] wherein plaintiffs filed a quiet title action to cancel the judgment lien, and the judgment creditor was compelled to assert its claim. The judgment creditor could not safely proceed with a levy of execution while the judgment debtor's title was being defeated. Under those circumstances, the judgment creditor sought to have the court control the sale of the property after determining the priority of liens.

The general rule is set forth in 2 Freeman On Judgments (5th Ed.), Section 1017a, p. 2123:

. . . Ordinarily a judgment lien is enforced by a levy or sale under the judgment creating it. And since the lien generally terminates when the judgment ceases to be enforceable there would be no occasion for resorting to equity in most cases. Nevertheless, if for any reason there is no remedy at law or the remedy, provided by statute is inadequate, . . . the general jurisdiction of equity may be invoked to enforce the lien. . . .

---

6. at p. 364 of 5 Utah 2d, p. 274 of 302 P.2d.

7. 15 Cal.3d 475, 124 Cal.Rptr. 897, 899, 541 P.2d 537, 539 (1975).

8. Rule 69(a), U.R.C.P., provides: "Process to enforce a judgment *shall* be by a writ of execution unless the court otherwise directs, . . ." [Emphasis added.]

9. 112 Utah 410, 413–414, 188 P.2d 731 (1948).

This principle is illustrated in *Young v. Charmack*.[10] There the court ruled the judgment lienholders were not entitled to foreclose their lien in the absence of any averment and proof that legal execution on the judgment would not be effective. The court stated:

> . . . a resort to equity for collection of a judgment is not authorized in the absence of a showing of unavailability of collection by legal process. . . .[11]

In *Wellborn v. Wellborn*,[12] the court stated that where a simple money judgment is rendered it becomes a lien on the real property of the judgment debtor; such a judgment lien is enforced by execution levy and sale. However, where for some reason execution does not lie, the procedure for enforcement is an equitable action to foreclose the judgment lien. This exception was illustrated by the court as follows:

> . . . But if no personal liability is imposed by the judgment declaring the lien, and the judgment makes no express provision for enforcement of the lien, execution will not issue and the judgment creditor can only enforce the lien by an independent action to foreclose.

WILKINS, J., concurs.

CROCKETT, Justice: (concurring in result).

I concur in the holding that the plaintiff's lien is not invalid, but is only subordinate to any prior encumbrances or liens.

ELLETT, C. J., and HALL, J., concur in the concurring opinion of CROCKETT, J.

**10.** Fla.App., 295 So.2d 665, 666 (1974).

**11.** See *Ledsal Realty Corporation v. Demkin*, 141 N.Y.S.2d 686, 690 (1955); *Corporation of America v. Marks*, 10 Cal.2d 218, 73 P.2d 1215, 114 A.L.R. 1162 (1937); *Savings and Loan Corporation v. Bear*, 155 Va. 312, 154 S.E. 587, 75 A.L.R. 980 (1930); 46 Am.Jur.2d, Judgments, Section 904, p. 1036.

**12.** 55 Cal.App.2d 516, 131 P.2d 48, 50, 52 (1942).